USCA1 Opinion

 

 United States Court of Appeals For the First Circuit ____________________ No. 95-1957 MICHAEL A. CRONIN, ET AL., Plaintiffs-Appellants, v. TOWN OF AMESBURY, ET AL., Defendants-Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Patti B. Saris, U.S. District Judge] ___________________ ____________________ Before Selya, Stahl and Lynch, Circuit Judges. ______________ ____________________ Peter Antell, with whom Antell & Associates and J. Daniel Lindley ____________ ___________________ _________________ were on brief, for appellants. Joseph L. Tehan, Jr., with whom Kurt B. Fliegauf and Kopelman and ____________________ ________________ ____________ Paige, P.C. were on brief, for appellees Town of Amesbury, Amesbury ___________ Police Department, Board of Selectmen of the Town of Amesbury, Daniel F. Cleary, R. Claude Gonthier, John M. Koelsch, Joseph E. Leary, William R. McAdams, George A. Motsis, Donna L. Stuart and Charles B. Wright. Maura L. Sheehan, with whom Law Offices of Attorney Maura L. ________________ ________________________________ Sheehan was on brief, for appellees Daniel L. Bartley and Nancy _______ Gonthier.  ____________________ April 16, 1996 ____________________ Per curiam. This case arises out of the decision Per curiam. __________ of the Town of Amesbury, Massachusetts to fire Michael A. Cronin from his position as the Town's Chief of Police. The Town terminated Cronin for falsely denying under oath that he had written a pornographic letter that was found in his desk at the Amesbury Police Department. In a fifteen-count complaint, Cronin alleged that the Town's Board of Selectmen, two Town Managers, a number of police officers (collectively the "Town defendants") and two private citizens (Daniel L. Bartley and Nancy Gonthier) terminated him in violation of 42 U.S.C. 1983 and 1985(3) and state law. The district court granted summary judgment for the Town defendants on the  1983 and 1985(3) counts (Counts I, II and XV) and dismissed the state law counts, without prejudice, for lack of subject matter jurisdiction.1 Cronin has appealed. The district court, in its careful review of the case, see Cronin v. Town of Amesbury, 875 F. Supp. 375 (D. ___ ______ ________________ Mass. 1995), adequately recited the pertinent undisputed facts and there is no need to repeat them in detail here. Essentially, the facts showed that in early 1988 a Town police officer, Charles Wright (one of the defendants here), found in Cronin's desk a pornographic letter written on  ____________________ 1. The district court entered a separate order granting a Rule 12(b)(6) motion filed on behalf of Nancy Gonthier and Daniel Bartley dismissing the federal counts with prejudice and the state counts without prejudice. -3- 3 yellow lined paper and signed "Mike." Copies were made and, in February 1991, one copy was shown to members of the Board of Selectmen. After a secret meeting, the Town suspended Cronin with pay. A series of investigations by Town Managers into Cronin's fitness to serve as police chief followed. The Town Managers' investigations, which occurred between 1991 and 1993, focussed on the letter and on other alleged acts of misconduct. The first Town Manager to investigate, Joseph Fahey, recommended that three charges be brought against Cronin and that he be given a 60-day suspension. The Town subsequently fired Fahey and replaced him with Donna Stuart, who, one day after being appointed, brought nine charges against Cronin. Public hearings on the nine charges were held in front of a civil service hearing officer, Nicholas Foundas. During those hearings, the letter was made an exhibit and Cronin denied under oath that the letter was his. On July 7, 1992, Foundas found Cronin guilty of only two of the nine charges and recommended a 90-day suspension. He also found that Cronin had written the letter, but that it had no bearing on his duties. Cronin appealed Foundas's decision to the Civil Service Commission. Before the Civil Service Commission decided Cronin's appeal, however, a number of other events transpired. First, Town Manager Stuart demoted Cronin to -4- 4 sergeant. Second, the Board of Selectmen released the letter to the press. Third, in October 1992, Stuart was replaced by a new Town Manager, John M. Koelsch, who brought two new charges against Cronin -- (1) lying under oath when he denied authorship of the letter at earlier hearings and (2) conduct unbecoming an officer. Koelsch's charges were prompted by Daniel Bartley and Nancy Gonthier, private citizens who complained that Cronin had lied under oath about authorship of the letter. After bringing the charges, Koelsch designated himself hearing officer. On June 17, 1993, he found that Cronin had lied about authorship of the letter and, in so doing, had acted in a manner unbecoming a police officer. Cronin was then terminated. Cronin immediately appealed Koelsch's decision to the Civil Service Commission. On July 20, 1993, the Civil Service Commission reversed Foundas's decision, recommending that Cronin be restored to his previous position, with back pay. As of this court's inquiry at oral argument, the Civil Service Commission has not yet decided Cronin's appeal from Koelsch's decision. Section 1983 Claims ___________________ Cronin's 1983 claims allege that the Town defendants deprived him of procedural due process when they -5- 5 terminated him.2 However, even assuming for the purposes of this appeal that the Town defendants failed to give Cronin the procedure he was due in making the decision to terminate him (an issue on which we take no position), Cronin cannot succeed on his procedural due process claim unless he can show that the state failed to provide him with an adequate postdeprivation remedy. See Lowe v. Scott, 959 F.2d 323, ___ ____ _____ 340-41 (1st Cir. 1992) ("[I]f a state provides adequate postdeprivation remedies -- either by statute or through the common-law tort remedies available in its courts -- no claim of a violation of procedural due process can be brought under 1983 against the state officials whose random and unauthorized conduct caused the deprivation."). Here, the state has provided an adequate postdeprivation remedy. Massachusetts has provided Cronin with extensive postdeprivation remedies in the form of the Civil Service Law. See Mass. Gen. L. ch. 31, 41-44. Any ___  ____________________ 2. Cronin, who under state law can only be terminated for "just cause," see Mass. Gen. L. ch. 31, 41, has a protected ___ property interest in his employment and thus may invoke the protection of the due process clause. See Cummings v. South ___ ________ _____ Portland Hous. Auth., 985 F.2d 1, 2 (1st Cir. 1993). In ____________________ invoking his procedural due process claims, Cronin does not seriously argue that the established state pre-termination procedures are deficient. Rather, Cronin's claims rest on alleged random and unauthorized acts by the Town defendants.  See Marino v. Ameruso, 837 F.2d 45, 47 (2d Cir. 1988). He ___ ______ _______ generally argues that the Town defendants were out to get him, and, with respect to the termination specifically, he argues that Koelsch was biased and made evidentiary errors.  -6- 6 person aggrieved by a decision of the "appointing authority"3 may appeal to the Civil Service Commission and be given a hearing before a member of the Commission or some disinterested person. The Commission may affirm or reverse the action of the appointing authority. If the appointing authority's decision is reversed, the employee must be reinstated without loss of compensation or other rights. If the employee is dissatisfied with the Civil Service Commission's decision, he or she may appeal to the Superior Court. See Mass. Gen. L. ch. 31, 44. ___ Cronin complains that the Civil Service Commission has taken too long to decide his appeal from Koelsch's decision. Although extraordinarily long delays may render a postdeprivation remedy inadequate, that is not the case here. See Alton Land Trust v. Town of Alton, 745 F.2d 730, 732 (1st ___ ________________ _____________ Cir. 1984) (two and one-half year litigation was not inordinate delay). Despite the almost three-year delay, the possibility of reinstatement with back pay remains available to him. See Decker v. Hillsborough County Attorney's Office, ___ ______ _____________________________________ 845 F.2d 17, 22 (1st Cir. 1988) (although there had been delay, New Hampshire had not yet refused to provide plaintiff  ____________________ 3. Koelsch, as Town Manager, was the appointing authority.  See Mass. Gen. L. ch. 31, 1; see also Amesbury Town ___ ___ ____ Charter, Art. 4, 4-21(b). -7- 7 with a remedy). We affirm the district court's dismissal of the 1983 claims.4 Section 1985(3) Claim _____________________ Cronin also argues that the district court erroneously granted summary judgment on his 1985(3) claim against the Town defendants and erroneously dismissed his 1985(3) claim filed against Nancy Gonthier and Daniel Bartley. Section 1985(3), which prohibits conspiracies to deprive persons of rights or privileges, requires an "invidiously discriminatory animus" in which the defendants have taken the action because of "its adverse effects upon an identifiable group." Bray v. Alexandria Women's Health ____ ___________________________ Clinic, 113 S. Ct. 753, 760-61 (1993) (internal quotations ______ omitted). No such animus was even alleged here. Summary judgment was properly entered in favor of the Town defendants and dismissal was properly granted for Nancy Gonthier and Daniel Bartley.  ____________________ 4. Cronin also argues (1) that the Town defendants violated his procedural due process rights when they suspended him with pay and when they demoted him to sergeant; and (2) that the Town defendants violated his right to petition, his right to confrontation, and his right to privacy (although he has been unable to articulate any cognizable theory). These arguments are without merit. Appellants' additional arguments, (1) that the district court erred in dismissing the state law claims, (2) that the district court erred in its various rulings on discovery practices, and (3) that the district court erred in denying appellants' motion for relief from judgment, are also all meritless.  -8- 8 Gonthier and Bartley's Motion for Damages and Costs ___________________________________________________ Notwithstanding the obvious correctness of the district court's dismissal of the 1985(3) count lodged against Gonthier and Bartley, Cronin has sought appellate review of the dismissal. Gonthier and Bartley have filed a separate motion for damages and costs under Fed. R. App. P. 38 and Cronin has responded.5 Federal Rule of Appellate Procedure 38 provides that if an appellate court "determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." Fed. R. App. P. 38. An appeal is frivolous if the result is obvious or the arguments are "wholly without merit." Westcott Constr. Corp. v. Fireman's Fund of N.J., ______________________ _______________________ 996 F.2d 14, 17 (1st Cir. 1993) (internal quotations omitted). "[I]t is enough that the appellants and their attorney should have been aware that the appeal had no chance of success." E.H. Ashley & Co., Inc. v. Wells Fargo Alarm _________________________ __________________ Servs., 907 F.2d 1274, 1280 (1st Cir. 1990) (emphasis ______ omitted). Even a cursory reading of the relevant case law and treatises would have revealed that the 1985(3) claim was not properly brought. Not surprisingly, Cronin failed to  ____________________ 5. Cronin's response was filed ten days after Gonthier's and Bartley's motion was filed. -9- 9 articulate in his brief any reasoned basis for why the district court erroneously dismissed the 1985(3) count. He instead pressed a bizarre and irrelevant argument that Federal Rule of Civil Procedure 54(b) precluded the district court from entering a separate judgment for Gonthier and Bartley. When the appellees in their brief properly noted that the Rule 54(b) argument was baseless, Cronin used the reply brief to try to transform his Rule 54(b) argument into a variant of a pendent party jurisdiction argument. Such a pendent party argument was never raised before the district court nor in the initial briefing on appeal. One might think that Cronin created such an argument to conceal the fact that the appeal from the dismissal of the claims against Gonthier and Bartley was wholly without merit. A penalty is appropriate here. Rule 38 allows the award of attorneys' fees as "just damages" for frivolous appeals. See Natasha, Inc. v. Evita Marine Charters, Inc., ___ _____________ ____________________________ 763 F.2d 468, 472 (1st Cir. 1985); see also Fed. R. App. P. ___ ____ 38 advisory committee's notes. This court can assess a particular amount or "reasonable counsel fees" as damages without additional submissions by the parties. Natasha, 763 _______ F.2d at 472 (internal quotations omitted); see also Tomczyk ___ ____ _______ v. Blue Cross & Blue Shield United of Wisconsin, 951 F.2d _______________________________________________ 771, 779-80 & n.4 (7th Cir. 1991), cert. denied, 504 U.S. 940 _____ ______ (1992). Gonthier and Bartley assert that they have incurred -10- 10 legal fees in responding to this appeal of $2,725.00, exclusive of costs. We believe such fees are reasonable and assess that amount as just damages to the appellees. We also assess double costs. The bulk of the blame for the frivolous appeal rests with appellants' attorney. An attorney's duty to represent a client zealously is not a license to harass. When the appellants' attorney sought to appeal the district court's dismissal of the 1985(3) claim against Gonthier and Bartley, he crossed the line from zealous advocacy to vexatious advocacy, needlessly multiplying the proceedings in this case. Under such circumstances, it is appropriate to sanction the attorney personally for the excess costs, expenses and attorneys' fees reasonably incurred. See Fed. ___ R. App. P. 38; 28 U.S.C. 1927; Cruz v. Savage, 896 F.2d ____ ______ 626, 635 (1st Cir. 1990) (frivolous appeal warranted assessment of double costs and attorneys' fees against attorney under Rule 38 and 1927). We therefore apportion the damages award and order that $2,500.00 of the award be assessed directly against appellants' attorney.6 The remaining $225.00 shall be assessed against appellant Michael  ____________________ 6. The award of damages against appellants' attorney shall run against Peter Antell, not J. Daniel Lindley, who was allowed to withdraw as counsel for appellants. -11- 11 Cronin.7 Double costs shall be born jointly and severally by Michael Cronin and appellants' attorney. Affirmed. Appellees' Motion for Damages for ________ Frivolous Appeal is granted, with double costs and damages to _______ be apportioned in the manner prescribed in this opinion. It __ is so ordered. _____________  ____________________ 7. No costs or damages are assessed against the other appellants, Gail Cronin and Angel Cronin. -12- 12