Carl P. PIMENTEL, Plaintiff, Appellee,

v.

**JACOBSEN FISHING COMPANY, INC.,**
**In Personam, and the F/V Valkyrie,**
**In Rem, Defendants, Appellants.**

No. 96–1384.

United States Court of Appeals,
First Circuit.

Heard Nov. 4, 1996.

Decided Dec. 23, 1996.

Robert E. Collins, with whom Thomas E. Clinton and Clinton & Muzyka, P.C., Boston, MA, were on brief for appellants.

Lawrence J. Mullen, with whom Timothy R. McHugh and Hoch & McHugh, Boston, MA, were on brief for appellee.

Before SELYA, CYR and LYNCH, Circuit Judges.

CYR, Circuit Judge.

Appellants Jacobsen Fishing Co., Inc. and the Fishing Vessel Valkyrie (collectively: "Jacobsen") appeal from a district court judgment holding them liable in damages for severing a submerged cable carrying electrical power to a small island owned by plaintiff-appellee Carl Pimentel. As all claims raised on appeal were either unpreserved or patently meritless, we affirm the district court judgment and impose monetary sanctions against Jacobsen and its counsel as requested by appellee.

# I

## DISCUSSION

First, Jacobsen has not approached the required demonstration of clear error in its frontal attack on the findings of fact made by the trial judge. *See Johnson v. Watts Regulator Co.*, 63 F.3d 1129, 1138 (1st Cir. 1995) ("[W]hen there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous."). In particular, Pimentel presented testimony

by the Captain of the Valkyrie that the helmsman knew the location of the submerged cables. As a general rule, credibility determinations are rather well insulated from appellate challenge. *See Gamma Audio & Video, Inc. v. Ean–Chea*, 11 F.3d 1106, 1115 (1st Cir.1993) (noting that "the trial judge is in the best position to assess the credibility of witnesses"). So it is here.[1]

Second, having presented *no* evidence on compensatory damages, Jacobsen's contention that the award made by the trial judge was excessive utterly fails to establish error, let alone clear error. *See Reilly v. United States*, 863 F.2d 149, 166 (1st Cir. 1988) (noting that trial judge's factual findings, including its "determination of damages," are reviewed "only for clear error"). Furthermore, Jacobsen's remaining claims— including its contention that the district court improperly reimbursed Pimentel for costs incurred for the services of an expert witness—were not preserved below. *See Poliquin v. Garden Way, Inc.*, 989 F.2d 527, 531 (1st Cir.1993).

Accordingly, we limit further discussion to the variable interest rate calculation employed by the district court in awarding prejudgment interest. The district court awarded prejudgment interest at a variable rate, utilizing the average price of 52–week Treasury Bills for each year within the relevant prejudgment period. Recourse to a variable interest rate is neither unprecedented, *see George's Radio & Television Co., Inc. v. Insurance Co. of N. Am.*, 536 F.Supp. 681, 685 (D.Md.), *judgment amended*, 549 F.Supp. 1014 (D.Md.1982), nor unreasonable *per se*, especially since the result normally will approximate an acceptable average for the prejudgment period, *see Cement Div., Nat'l Gypsum Co. v. City of Milwaukee*, 31 F.3d 581, 587 (7th Cir.1994), *aff'd*, —— U.S. ——, 115 S.Ct. 2091, 132 L.Ed.2d 148 (1995); *Ingersoll Milling Mach. Co. v. M/V/ Bodena*, 829 F.2d 293, 311 (2d Cir.1987), *cert. denied*, 484 U.S. 1042, 108 S.Ct. 774, 98 L.Ed.2d 860 (1988); *Bosnor S.A. de C.V. v. Tug L.A. Barrios*, 796 F.2d 776, 786–87 (5th Cir.1986).

Indeed, we have suggested that utilization of a prime rate average would be reasonable. *See City of Boston v. S.S. Texaco Texas*, 773 F.2d 1396, 1401 (1st Cir.1985) (dicta). Moreover, Jacobsen managed no demonstration that the variable-rate prejudgment interest award in the instant case constituted an abuse of discretion. *See Independent Bulk Transp., Inc. v. The Vessel "Morania Abaco"*, 676 F.2d 23, 25 (2d Cir.1982).

Lastly, we consider Pimentel's motion for sanctions. Federal Rule of Appellate Procedure 38 states: "If a court of appeals determines that an appeal is frivolous, it may ... award just damages and single or double costs to the appellee." An appeal is frivolous "if the result is obvious *or* the arguments are 'wholly without merit.'" *Cronin v. Town of Amesbury*, 81 F.3d 257, 261 (1st Cir.1996) (emphasis added) (quoting *Westcott Constr. Corp. v. Firemen's Fund of N.J.*, 996 F.2d 14, 17 (1st Cir.1993)). This, unquestionably, is such a case.

The claim that Jacobsen is not liable in damages directly challenged the trial judge's factual findings, thereby engaging one of the more formidable standards of review known to federal appellate practice. *See Johnson*, 63 F.3d at 1138. Then, relying on even shakier ground, Jacobsen mounted an appellate challenge to the size of the award without having presented any evidence on damages. Finally, the arguments Jacobsen raised for the first time on appeal did not begin to suggest "plain error," *see United States v. Olano*, 507 U.S. 725, 734, 113 S.Ct. 1770, 1777–78, 123 L.Ed.2d 508 (1993), as no "miscarriage of justice" obtained. *See Poliquin* 989 F.2d at 531. Thus, it was clear from the outset that Jacobsen's prospects of success on appeal were all but nonexistent, and that no "responsible litigant or lawyer should have gone forward with an appeal in these straitened circumstances." *La Amiga del Pueblo, Inc. v. Robles*, 937 F.2d 689, 692 (1st Cir.1991) (appellate attack on jury verdict held frivolous given conflicting evidence and failure to preserve claims).

---

1. Similarly, Jacobsen's assault on the trial judge's refusal to draw an adverse inference from an inadvertent destruction of evidence suggests neither clear error nor an abuse of discretion. *See Blinzler v. Marriott Int'l, Inc.*, 81 F.3d 1148, 1158 (1st Cir.1996).

Although at first blush Jacobsen's brief suggests an appeal with some substance, the illusion dissolves upon cursory investigation. Its many citations to authorities supposedly on point frequently turn out to be readily distinguishable. Unfavorable First Circuit authority frequently is bypassed for somewhat less unfavorable authorities from other jurisdictions. The unhelpfulness of these litigation tactics exposed both Jacobsen and its counsel to sanctions.[2] *Commonwealth Elec. Co. v. Woods Hole, Martha's Vineyard & Nantucket S.S. Auth.*, 754 F.2d 46, 49 (1st Cir.1985) (imposing sanctions on counsel for submitting brief which "added a significant burden on appellee's counsel and the court"); *see also* Fed.R.App.P. 38; 28 U.S.C. § 1927 ("Any attorney .... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."); *Cronin*, 81 F.3d at 261–62 (imposing sanctions under Fed. R.App.P. 38 and 28 U.S.C. § 1927 for frivolous appeal).

## II

### *CONCLUSION*

The district court judgment is affirmed. Double costs are assessed exclusively against Jacobsen; $8,406.00 in attorney fees to appellee's counsel are assessed directly and exclusively against appellant's counsel, the firm of Clinton & Muzyka, P.C., and Messrs. Clinton and Collins, jointly and severally.

*So ordered.*

---

**2.** Counsel continued to press these tactics in opposition to the motion for sanctions, notwithstanding a prior warning from Pimentel's counsel that a motion for sanctions would be forthcoming in the event of a frivolous appeal. Jacobsen's opposition to the motion for sanctions nonetheless indicated that though bad faith is not an essential element of frivolousness, it may be a necessary predicate for sanc-

tions under Fed.R.App.P. 38, citing as authority a single case from another circuit. In so doing, counsel conveniently ignored longstanding First Circuit caselaw which holds, unequivocally, that Rule 38 sanctions may be imposed without a finding of bad faith. *E.g., Applewood Landscape & Nursery Co. v. Hollingsworth*, 884 F.2d 1502, 1508 (1st Cir.1989).