[NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]
United States Court of Appeals
For the First Circuit

No. 98-1644

JOHN J. SHAUGHNESSY,

Plaintiff, Appellant,

v.

CITY OF LACONIA, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Joseph A. DiClerico, Jr., U.S. District Judge]

Before

Boudin, Circuit Judge,
Bownes, Senior Circuit Judge,
and Lynch, Circuit Judge. 

John J. Shaughnessy on brief pro se.

March 12, 1999

Per Curiam. John Shaughnessy appeals from the
district court's dismissal of his civil rights complaint
seeking injunctive relief for failure to state a claim for
relief. See 28 U.S.C. 1915(e)(2)(B)(ii) (requiring dismissal
of in forma pauperis complaints which fail to state a claim for
relief). The complaint asserted that the defendants had
terminated Shaughnessy's rental assistance benefits under N.H.
Rev. Stat. Ann. 165:5 in violation of due process. 
We affirm because the complaint fails to state a
claim for relief, even assuming, for present purposes, that the
most stringent due process standards apply. See Goldberg v.
Kelly, 397 U.S. 254 (1970) (describing the due process
protections required before welfare benefits are terminated). 
The benefits in question were finally terminated only after due
notice and hearings at which Shaughnessy, who appeared pro se,
was allowed to make a complete presentation of his arguments
against termination. In accordance with constitutional
standards, he received a written decision explaining why his
benefits were being terminated. While the complaint asserted
that members of the Fair Hearing Board were biased, a
procedural defect, no structural flaw in established procedures
was described (the pertinent municipal guidelines required the
appointment of impartial fair hearing officers who had not
participated in the decision under review), and the complaint
did not allege that there were no adequate state procedures
available to remedy the procedural defect; hence, the complaint
failed to state a procedural due process claim. See Cronin v.
Amesbury, 81 F.3d 257, 260 & n.2 (1st Cir. 1996) (rejecting a
public employee's claim that the hearing officer who terminated
his employment was biased because the state provided an
adequate post-deprivation remedy).
Affirmed.