USCA1 Opinion

 

 [NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 98-1644

 JOHN J. SHAUGHNESSY,

 Plaintiff, Appellant,

 v.

 CITY OF LACONIA, ET AL.,

 Defendants, Appellees.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF NEW HAMPSHIRE

 [Hon. Joseph A. DiClerico, Jr., U.S. District Judge]

 Before

 Boudin, Circuit Judge,
 Bownes, Senior Circuit Judge,
 and Lynch, Circuit Judge. 
 
 

 John J. Shaughnessy on brief pro se.

March 12, 1999

 
 

 Per Curiam. John Shaughnessy appeals from the
 district court's dismissal of his civil rights complaint
 seeking injunctive relief for failure to state a claim for
 relief. See 28 U.S.C. 1915(e)(2)(B)(ii) (requiring dismissal
 of in forma pauperis complaints which fail to state a claim for
 relief). The complaint asserted that the defendants had
 terminated Shaughnessy's rental assistance benefits under N.H.
 Rev. Stat. Ann. 165:5 in violation of due process. 
 We affirm because the complaint fails to state a
 claim for relief, even assuming, for present purposes, that the
 most stringent due process standards apply. See Goldberg v.
 Kelly, 397 U.S. 254 (1970) (describing the due process
 protections required before welfare benefits are terminated). 
 The benefits in question were finally terminated only after due
 notice and hearings at which Shaughnessy, who appeared pro se,
 was allowed to make a complete presentation of his arguments
 against termination. In accordance with constitutional
 standards, he received a written decision explaining why his
 benefits were being terminated. While the complaint asserted
 that members of the Fair Hearing Board were biased, a
 procedural defect, no structural flaw in established procedures
 was described (the pertinent municipal guidelines required the
 appointment of impartial fair hearing officers who had not
 participated in the decision under review), and the complaint
 did not allege that there were no adequate state procedures
 available to remedy the procedural defect; hence, the complaint
 failed to state a procedural due process claim. See Cronin v.
 Amesbury, 81 F.3d 257, 260 & n.2 (1st Cir. 1996) (rejecting a
 public employee's claim that the hearing officer who terminated
 his employment was biased because the state provided an
 adequate post-deprivation remedy).
 Affirmed.