# United States Court of Appeals
## For the First Circuit

No. 01-1031

THOMAS W. MAHER and VALERIE E. CALABRIA-MAHER

Plaintiffs, Appellants,

v.

DONALD B. HYDE; AT&T WIRELESS SERVICES; PLANNING BOARD OF THE
TOWN OF STOW; and INGEBORG HAGEMAN CLARK, RUTH KENNEDY, DONNA
M. JACOBS, KEITH H. MYLES, DONALD G. MCPHERSON, and THOMAS
OLLER, as they are members of the Planning Board of the Town
of Stow,

Defendants, Appellees

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Robert E. Keeton, U.S. District Judge]

Before

Lynch and Lipez, Circuit Judges,
and Saris,* District Judge.

Edward J. Collins for appellants.
Stephen D. Anderson, with whom Anderson & Kreigler LLP were
on brief, for appellee AT&T Wireless Services.

December 3, 2001

LIPEZ, Circuit Judge.  This is an appeal from the district court's dismissal, for lack of subject matter jurisdiction, of an action allegedly arising under 47 U.S.C. § 332(c)(7)(B)(iv) (the Telecommunications Act of 1996).  Because there is no longer an actual case or controversy between the appellants and any of the defendants, we dismiss the appeal as moot.  Moreover, because of the frivolous nature of this appeal, we order counsel for appellants to show cause why sanctions should not be imposed.

## I.

On November 30, 1999, Donald B. Hyde applied to the Planning Board of the Town of Stow [the "Board"] for a permit to construct a wireless communications facility at 29 Wheeler Road in Stow, Massachusetts.  On February 7, 2000, AT&T Wireless Services [AT&T] applied for a similar permit for another property in the Town of Stow at 23 Hillcrest Avenue.  On May 4, 2000, the Board voted to deny the applications.  The Board did not, however, forward notice of its disapproval of the applications to the Town Clerk.  According to appellants, that failure contravened the Board's rules.  On June 6, 2000, the Board voted to let Hyde and AT&T withdraw their applications without prejudice.  Hyde and AT&T then reapplied to the Board

for permits for the same sites, and the Board noticed public hearings on their refiled applications.

Thomas W. Maher, Jr. and Valerie E. Calabria-Maher, residents of Stow, filed a complaint in the United States District Court for the District of Massachusetts against Hyde, AT&T, the Board and its individual members. The complaint stated that the Mahers were "aggrieved" by the refusal of the Board to file notice of its disapproval of the original Hyde and AT&T applications with the Town Clerk; by the Board's consideration of the refiled applications within two years of its denial of the same applications; and by the Board's possible "constructive approval" of the applications.[1] The Mahers claimed that the Board's actions violated state laws and local regulations. They requested a declaration that the Board lacked the authority to let Hyde and AT&T withdraw without prejudice and then refile their (denied) applications, pursuant to Mass. Gen. Laws ch. 231A, § 1 (authorizing courts to make "binding declarations of right, duty, status and other legal relations"); relief in the nature of certiorari to correct substantial errors of law under Mass. Gen. Laws ch. 249, § 4 (authorizing actions for such relief); and injunctive relief barring further

---

[1] Exactly why the Mahers were "aggrieved" is not apparent from the record, which indicates nothing about them except their names and their address.

-4-

proceedings on the refiled applications except in conformity with Mass. Gen. Laws ch. 40A, § 16 ("No . . . application . . . which has been unfavorably and finally acted upon by the special permit granting . . . authority shall be acted favorably upon within two years after the date of final unfavorable action unless [enumerated conditions are met]"). Although the complaint did not allege a specific violation of federal law, it asserted: "Jurisdiction in this action arises under 47 U.S.C. § 332(c)(7)(B)(4) [sic] [The Telecommunications Act of 1996], 28 U.S.C. § 1331 [federal question], and 28 U.S.C. § 1367 [supplemental jurisdiction over state law claims]" (brackets in original).

On November 14, 2000, the district court granted AT&T's motion to dismiss for lack of subject matter jurisdiction, concluding that "plaintiffs fail to allege any cognizable violation of the Telecommunications Act, or any other federal law, on the face of their complaint."[2] The Mahers filed a notice of appeal on December 14, 2000.

Subsequent to the dismissal of the Mahers' action, the Board denied both Hyde's and AT&T's refiled permit applications,

---

[2] Although only AT&T had filed a motion to dismiss, the district court also dismissed the complaint against defendants Hyde and the Board. The Board raised lack of subject matter jurisdiction as an affirmative defense in its answer to the complaint; Hyde has made no appearance in this case.

and Hyde and AT&T challenged those denials in the district court pursuant to the Telecommunications Act.[3] On July 12, 2001, pursuant to a settlement between the Board and AT&T, the district court ordered that the Board issue a permit to AT&T for the 23 Hillcrest Avenue property. Hyde's action against the Board concerning the 29 Wheeler Road property is still pending.

## II.

Federal courts do not issue advisory opinions. There must be an actual controversy between the parties requiring resolution:

> The Constitution confines the federal courts' jurisdiction to those claims which embody actual "cases" or "controversies." U.S. Const. art. III, § 2, cl. 1. This requirement must be satisfied at each and every stage of the litigation. When a case is moot - that is, when the issues presented are no longer live or when the parties lack a legally cognizable interest in the outcome - a case or controversy ceases to exist, and dismissal of the action is compulsory.

Cruz v. Farquharson, 252 F.3d 530, 533 (1st Cir. 2001) (citation omitted).

---

[3] Although the record discloses neither the Board's denial of Hyde's refiled application nor his challenge to that denial in the district court, appellants' counsel called these events to our attention at oral argument, and we take judicial notice of them. See Hyde v. Town of Stow, No. 01-CV-10762-PBS (D. Mass filed May 4, 2001). See Kowalski v. Gagne, 914 F.2d 299, 305 (1st Cir. 1990) ("It is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand.").

Although the brief he filed suggests otherwise, appellants' counsel stated at oral argument that 23 Hillcrest Avenue is "a property that's not at issue in the case that's here this morning."[4]  Counsel explained that "my clients are challenging the case relating to the Hyde property . . . at 29 Wheeler Road," and even asserted (wrongly) that "my clients have raised no issue in this court or any other court with respect to [23] Hillcrest [Avenue]."  As the Mahers, through counsel, have now expressly disavowed any interest in the 23 Hillcrest Avenue property, the appeal described in their papers of the Board's actions concerning AT&T and 23 Hillcrest Avenue is necessarily moot.

The 29 Wheeler Road appeal is also moot.  The Mahers' complaint challenges the Board's decision to let Hyde withdraw without prejudice his initial (denied) application, and its subsequent decision to let Hyde file a new application.  Since the Mahers commenced their action, however, the Board has <u>denied</u> Hyde's refiled application.  Because this denial is the very outcome the Mahers sought in court, there is no longer a live controversy between the Mahers and either Hyde or the Board

---

[4]  Appellants' brief, which is a challenge to decipher, refers several times to AT&T's permit application, and nowhere indicates that the district court's dismissal of the claims vis-a-vis AT&T and 23 Hillcrest Avenue is not being appealed.

concerning the Board's actions. We therefore dismiss this appeal as moot. See Cruz, 252 F.3d at 533.

### III.

Federal Rule of Appellate Procedure 38 provides that "[i]f a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee."[5] Rule 38 permits the award of attorney's fees as "just damages." Cronin v. Town of Amesbury, 81 F.3d 257, 261 (1st Cir. 1996). We have held that where "[t]he bulk of the blame for the frivolous appeal rests with appellants' attorney," it is appropriate to impose sanctions on the attorney personally. Id. at 262; see also Hilmon Co. (V.I.) Inc. v. Hyatt Int'l, 899 F.2d 250, 254 (3rd Cir. 1990) (imposing Rule 38 sanctions against appellant's counsel). Evidence of bad faith is not required to support Rule 38 sanctions. See Pimentel v. Jacobsen Fishing Co. Inc., 102 F.3d 638, 641 n.2 (1st Cir. 1996).

We have observed that "[t]he purpose of [Rule 38]

---

[5] Sanctions are also available under 28 U.S.C. § 1927, which provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

penalties is to discourage litigants from wasting the time and monetary resources of both their opponents and the nation's judicial system with legal arguments that do not merit consideration." E.H. Ashley & Co., Inc. v. Wells Fargo Alarm Services, 907 F.2d 1274, 1280 (1st Cir. 1990). It is hard to imagine a clearer case of an appeal unworthy of consideration. The Mahers submitted a brief to us that purports to appeal the district court's dismissal of their complaint which named AT&T as a defendant. The brief repeatedly references AT&T's permit application without disclosing that the 23 Hillcrest Avenue property is outside the scope of the appeal. At oral argument, however, counsel indicated that 23 Hillcrest Avenue was "not at issue in the case that's here this morning." That being so, an appeal encompassing the 23 Hillcrest Avenue proceedings should not have been filed.

Moreover, at oral argument, counsel revealed an unfamiliarity with his own complaint and brief by suggesting that AT&T's application for a permit for the 23 Hillcrest Avenue property was never at issue in this litigation. He said that "as far as I know, no action was pursued with respect to the Hillcrest Avenue property." He also declared, equally inexplicably, that the Mahers "have raised no issue in this court or any other court with respect to [23] Hillcrest

-9-

[Avenue]." Yet his own complaint named AT&T as a defendant and made parallel allegations concerning the 23 Hillcrest Avenue and 29 Wheeler Road properties.[6]

The appeal is also frivolous as to Hyde's 29 Wheeler Road property. Although an actual controversy may have existed when the Mahers filed their notice of appeal in December 2000, the appeal became moot in April 2001 – five months before oral argument – when the Board denied Hyde's refiled permit application. Although the Mahers expressed concern at oral argument that Hyde might emerge from his litigation against the

---

[6] Although prefaced with yet another denial, counsel did acknowledge at one point the contents of his papers:

> THE COURT: I thought 23 Hillcrest Avenue was a property involved in both of these proceedings. Is that correct or not correct?
> MR. COLLINS: That is not my understanding, your Honor. My understanding is that my client brought an attack . . . on the withdrawal issue, I think fairly said alleging improper withdrawal by the Planning Board and I think with respect to both properties, my recollection is the complaint mentions both properties.

This convoluted acknowledgment of the obvious does not, of course, excuse counsel's multiple assertions to the contrary, nor the uncertainty about the content of his own complaint naming AT&T as a defendant. The complaint repeatedly references AT&T, and includes allegations such as the following:

> 31. Plaintiffs are aggrieved by the acceptance and notice of public hearing by the Stow Planning Board on the refiled AT&T application for a special permit [for 23 Hillcrest Avenue] within two years of its disapproval of the same application.

Board with a permit, as did AT&T, this is mere speculation. The Mahers got what they wanted when the Board denied Hyde's application. If the Mahers were concerned that their interests could be adversely affected by Hyde's action against the Board, they could have petitioned to intervene in that litigation. Their failure to withdraw the 29 Wheeler Road appeal once it had become moot is thus an additional ground for our conclusion that the appeal is frivolous.

Before sanctions for filing a frivolous appeal may be imposed sua sponte, Rule 38 requires "notice from the court and reasonable opportunity to respond." See In re JC's East, Inc., 84 F.3d 527, 532 (2d Cir. 1996) (ordering appellants and their attorney to show cause within thirty days why they should not be sanctioned); McDonough v. Royal Caribbean Cruises, Ltd., 48 F.3d 256, 259 (7th Cir. 1995) (granting appellant fifteen days to explain why sanctions were not warranted). We therefore order appellants' counsel to show cause, within fourteen days, why he should not be sanctioned by payment of costs and fees for having filed a frivolous appeal. See Fed. R. App. P. 38. Appellee should submit an affidavit within fourteen days itemizing the reasonable costs and fees of this appeal.

**The appeal is dismissed as moot. Appellants' counsel has fourteen days from the filing of this decision to file a memorandum explaining why sanctions are not warranted for pursuing a frivolous appeal. Appellee should submit an**

-11-

affidavit within fourteen days itemizing the reasonable costs and fees of this appeal. Appellants' counsel will then have seven days to respond to appellee's submission. Appellants' counsel must deliver to his clients a copy of this opinion, and provide proof thereof.