# United States Court of Appeals
## For the First Circuit

No. 05-1679

ROGER EDWARDS, LLC,

Plaintiff, Appellant,

v.

FIDDES & SON LTD.,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. David M. Cohen, U.S. Magistrate Judge]

Before

Boudin, Chief Judge,
Selya, Circuit Judge,
Siler,[*] Senior Circuit Judge.

Thomas F. Hallett and Thomas F. Hallett Law Offices, P.A on brief for appellant.
Ronald W. Schneider, Jr., David A. Soley and Bernstein, Shur, Sawyer & Nelson on brief for appellee.
Ronald W. Schneider, Jr., David A. Soley and Bernstein, Shur, Sawyer & Nelson on Appellee's Motion for Sanctions Pursuant to F.R.A.P. 38 with Incorporated Memorandum of Law in No. 05-1306.

February 8, 2006

---

[*]Of the Sixth Circuit, sitting by designation.

**BOUDIN**, **Chief Judge**. Appellant Roger Edwards, LLC ("Roger Edwards"), a Maine limited liability company, seeks reversal of Rule 11 sanctions, Fed. R. Civ. P. 11, imposed on it and its counsel by the magistrate judge who tried the underlying case with the consent of the parties. See 28 U.S.C. § 636(c)(1) (2000). This is the third appeal filed in this case by Roger Edwards.[1] This decision also resolves a motion by appellee Fiddes & Son, Ltd. ("Fiddes") requesting appellate sanctions under Fed. R. App. P. 38, on the ground that Roger Edwards' second appeal--No. 05-1306, appealing the denial of Rule 60(b) relief--was frivolous.

Our prior two opinions, cited in the margin, chronicle the long history of this commercial litigation. See Roger Edwards I, 387 F.3d at 92-94; Roger Edwards II, 427 F.3d at 131-32. After unfavorable partial summary judgments followed by an adverse jury verdict in July 2003, Roger Edwards filed its first appeal from the original "merits" judgment, which denied its claims against Fiddes and awarded Fiddes damages on a counterclaim. While that appeal was pending, Roger Edwards in July 2004 filed a Rule 60(b) motion, Fed. R. Civ. P. 60(b), for relief from judgment, alleging fraudulent conduct by Fiddes, including "fraud on the court."

---

[1]See Roger Edwards, LLC v. Fiddes & Sons, Ltd., 387 F.3d 90 (1st Cir. 2004) ("Roger Edwards I") (appealing jury instructions and grant of partial summary judgment); Roger Edwards, LLC v. Fiddes & Son Ltd., 427 F.3d 129 (1st Cir. 2005) ("Roger Edwards II") (appealing denial of Rule 60(b) motion for relief from judgment).

Fiddes not only opposed the motion but filed a motion for Rule 11 sanctions against Roger Edwards for having filed a frivolous Rule 60(b) motion. Thereafter, we resolved Roger Edwards' first appeal by affirming the merits judgment. Roger Edwards I, 387 F.3d at 97. The magistrate judge then took up Roger Edwards' pending Rule 60(b) motion, and denied it on January 26, 2005. He initially urged the parties to settle the sanctions issue, but this effort was unsuccessful.

Thereafter, on February 16, 2005, the magistrate judge issued an opinion and order granting Fiddes' motion for Rule 11 sanctions. Following a substantial discussion, the magistrate judge ruled that "the filing of the [Rule 60(b)] motion was, under the circumstances, frivolous, unreasonable and without foundation, even though it may not have been made in subjective bad faith." Roger Edwards and its attorney were ordered to pay Fiddes "reasonable attorney fees and other expenses incurred" in opposing the Rule 60(b) motion.

The next day, Roger Edwards filed an appeal to this court from the denial of its Rule 60(b) motion. Roger Edwards also filed a Rule 59(e) motion for reconsideration of the sanctions award, which was thereafter denied by the magistrate judge, who said that the motion for reconsideration "either rehashes arguments previously advanced and which I have carefully considered or advances new arguments not made either at the summary judgment

stage or in support of its Rule 60(b) motion and which are therefore procedurally defaulted."

Roger Edwards then initiated a third appeal--the one now before us, No. 05-1679--to challenge the Rule 11 sanctions. Fiddes in turn filed a motion for appellate sanctions under Fed. R. App. P. 38 in connection with Roger Edwards' earlier appeal of the denial of Rule 60(b) relief, No. 05-1306. On October 31, 2005, we affirmed the magistrate judge's denial of Rule 60(b) relief, see Roger Edwards II, 427 F.3d at 137, but deferred a decision on the motion for Rule 38 sanctions, id. at 132 n.1, so we could consider it together with the appeal of the Rule 11 sanctions.

Rule 11 "prohibits filings made with 'any improper purpose,' the offering of 'frivolous' arguments, and the assertion of factual allegations without 'evidentiary support' or the 'likely' prospect of such support." Young v. City of Providence ex rel. Napolitano, 404 F.3d 33, 39 (1st Cir. 2005). Anyone presenting a motion must "certify[] that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the paper being filed does not violate one of Rule 11's prohibitions. Fed. R. Civ. P. 11(b). With respect to a legal contention, an argument is not frivolous if

> the claims, defenses, and other legal
> contentions therein are warranted by existing
> law or by a nonfrivolous argument for the
> extension, modification, or reversal of

-4-

existing law or the establishment of new law. Fed. R. Civ. P. 11(b)(2).

To support a finding of frivolousness, some degree of fault is required, but the fault need not be a wicked or subjectively reckless state of mind; rather, an individual "must, at the very least, be culpably careless to commit a violation." Young, 404 F.3d at 39. We review Rule 11 sanctions for abuse of discretion, but "both a mistake of law and a clearly erroneous finding of fact constitute such an abuse." Id. at 38 (citing Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 402 (1990)).

In the original merits case, Roger Edwards had charged Fiddes with breaching an alleged exclusive dealing agreement for the distribution of Fiddes' products; Fiddes had counterclaimed for unpaid invoices on delivered goods. The magistrate judge found (based on documents coupled with Roger Edwards' own admissions) that Roger Edwards had terminated the open-ended contract on November 19, 2001; he also granted Fiddes summary judgment on its counterclaim.

These summary dispositions left open for trial the possibility that Fiddes was liable to Roger Edwards for the period prior to termination. The jury resolved liability for the pre-November 19 period by finding no breach by Fiddes before that date. The magistrate judge entered judgment for Fiddes on the jury

-5-

verdict and awarded $17,286 to Fiddes on the counterclaim.  On appeal, we found no error.  Roger Edwards I, 387 F.3d at 97.

Roger Edwards' Rule 60(b) motion was based on a double proposition: that Fiddes' products had been mislabeled in numerous respects--this is a shorthand version of the charge, which also included alleged improper documentation--and that, during the original merits case, Fiddes and its counsel had made misrepresentations in discovery and court filings by asserting that its products were in compliance with U.S. law.  As proof of the former, Roger Edwards offered an expert affidavit; for the latter, it pointed to three statements in the proceedings.

We agree with the magistrate judge that the Rule 60(b) motion was hopeless.  The background law as to what constitutes fraud under Rule 60(b), and as to pertinent incidents like time limits and prejudice, is admittedly no model of perfection; our own opinion on the appeal of the Rule 60(b) motion makes this clear while trying to sort out some of the problems.  See Roger Edwards II, 427 F.3d at 132-34.  If (against the background of somewhat fuzzy law) the Rule 60(b) motion might conceivably have succeeded, we would not uphold the sanction.

The difficulty for Roger Edwards is that the deficiencies in its motion went well beyond debatable inference and colorable legal argument. The affidavit offered to prove the mislabeling purported to identify numerous details in which the product had not

conformed to a parade of regulations; but the only basis for the charge of _fraud_ on the part of Fiddes in marketing the allegedly mislabeled product was the explicit, conclusory inference by the expert that alleged mistakes must have been dishonest because there were a lot of technical problems with the labeling.

The further charges of fraud, based on the three litigation-related statements cited by Roger Edwards, were pitifully weak; even weaker were any inferences of reliance or other showings that the alleged fraud "'substantially interfered with [the litigant's] ability fully and fairly to prepare for, and proceed at, trial.'" _Tiller_ v. _Baghdady_, 294 F.3d 277, 280 (1st Cir. 2002) (quoting _Anderson_ v. _Cryovac, Inc._, 862 F.2d 910, 926 (1st Cir.1988)). Two of the statements are bland, unspecific denials, at most debatably "inaccurate," as to which reliance by an experienced adversary is not credible; the third and more detailed statement is not even arguably false. _See_ _Roger Edwards II_, 427 F.3d at 135-37.

More important to the issue of sanctions for the filing of the Rule 60(b) motion, the outcome of the motion would be no different even if there had been some basis for arguing that the product had been mislabeled and that Fiddes had misrepresented to the contrary in the course of the litigation. Roger Edwards was unable throughout the Rule 60(b) proceeding and the ensuing appeal to explain plausibly how such mislabeling would have altered the

judgment being assailed on either the initial claim or the counterclaim.

On Roger Edwards' affirmative contract claim (for breach of exclusive dealing rights), the magistrate judge's finding was that Roger Edwards had terminated the contract itself in November 2001; for the period prior to that date, the jury found that Fiddes had not violated whatever exclusive dealing rights it might have granted. Whether the product was mislabeled or not does not undermine either ruling in any way that Roger Edwards has been able to explain.

Similarly, the award on the counterclaim for unpaid invoices rested on the fact that the goods had been delivered, their acceptance had not been timely revoked, and the invoices had not been paid. Roger Edwards said that it revoked acceptance of the goods in December 2002, but then withdrew this revocation in March 2003 because of the alleged fraud. But the magistrate judge found that the time for a revocation-of-acceptance defense in the case had passed by December 2002, making the purported March 2003 withdrawal of revocation irrelevant to the disposition of the counterclaim.

Despite a good deal of case law saying that prejudice is required to reopen a judgment under Rule 60(b), Roger Edwards argued to the magistrate judge that the supposed misrepresentations were "fraud on the court" and did not require a showing that Roger

Edwards' position in court had in fact been prejudiced. The main case cited for this view, Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944), involved conduct and circumstances egregiously designed to corrupt the judicial process; the attempt of Roger Edwards to extend this precedent to cover any material misstatement whatsoever was hopeless from the outset.

Roger Edwards also invoked the burden-shifting analysis in Anderson v. Cryovac, Inc., 862 F.2d 910 (1st Cir. 1988), under which a Rule 60(b)(3) movant who proves "knowing or deliberate" misconduct benefits from a rebuttable presumption of the required prejudice. Id. at 926. Yet Roger Edwards proved no such deliberate misconduct. And even if it had, the presumption would have been overcome by the evidence discussed above and in our Rule 60(b) opinion showing that the alleged misconduct in fact had no impact on the litigation.

So what we have are highly dubious charges of fraud which, in any event, are not effectively connected to any plausible showing of the necessary prejudice. No reasonable lawyer considering a Rule 60(b) motion could suppose that such a combination had any chance of upsetting a final judgment reached after extensive litigation and a defeat of Roger Edwards' claim in different respects by both judge and jury. The magistrate judge

acted within his discretion in deeming the motion "frivolous" and imposing sanctions.[2]

In addition to defending the district court's sanctions award in its favor for time spent opposing the Rule 60(b) motion, Fiddes has moved for <u>appellate</u> sanctions under Fed. R. App. P. 38, which gives the court of appeals discretion to sanction frivolous appeals. "An appeal is frivolous if the result is obvious or the arguments are 'wholly without merit.'" <u>Cronin</u> v. <u>Town of Amesbury</u>, 81 F.3d 257, 261 (1st Cir. 1996) (quoting <u>Westcott Constr. Corp.</u> v. <u>Firemen's Fund of N.J.</u>, 996 F.2d 14, 17 (1st Cir. 1993)).

Our analysis under Rule 38 is somewhat different than that under Rule 11. First, we exercise our own independent judgment in assessing a possible Rule 38 violation, whereas we defer to the trial judge's judgment when reviewing Rule 11 sanctions. Second, although a frivolous claim made before a trial court is unlikely to be rescued on appeal, the argument on appeal might sometimes be different and more promising, although--apart from errors in process--this would surely be rare.

However, in this case we think that sanctions in this court are also appropriate. To the extent Roger Edwards' brief on

---

[2]At the time of the original appeal of the Rule 11 sanction, the magistrate judge had not yet fixed the amount of the attorneys' fees comprising the sanction. Concerned as to whether the sanction order being appealed was a final judgment, we deferred a decision until the figure had been set, which the magistrate judge did in a later order. Neither side has contested the amount of the award ($4,553.10).

-10-

appeal added to arguments made in the district court (e.g., the equitable estoppel argument presented on appeal but not in Roger Edwards' Rule 60(b) brief below), Roger Edwards had no reason to think that these new arguments were preserved, see Daigle v. Me. Med. Ctr., Inc., 14 F.3d 684, 687-88 (1st Cir. 1994); to the extent the arguments were the same, Roger Edwards' insistence on rehashing its meritless claims yet again represents just the sort of vexatious behavior that Rule 38 is meant to discourage. See Maher v. Hyde, 272 F.3d 83, 87 (1st Cir. 2001).

Even so we might hesitate, in the exercise of our own discretion, to grant a request for sanctions based on a meritless brief in this court--of which a good many are filed each year--but for two aggravating factors: that the Rule 60(b) motion and appeal were themselves a second bite at the apple, and that Roger Edwards' opening brief on the Rule 60(b) appeal was a kitchen-sink collection of weak or undeveloped arguments that failed to respond to the fatal weaknesses identified by the magistrate judge, and so burdened both opposing counsel and this court.

This present, third appeal--from the magistrate judge's sanctions order--was also hopeless and it is baffling that Roger Edwards did not settle the matter, as the magistrate judge urged, before a formal sanctions order was entered. But for obvious reasons we would be loath to sanction the appeal of a sanctions

order save in extraordinary circumstances. Thus, Fiddes ought not seek <u>new</u> appellate sanctions as to this third appeal.

The district court's award of Rule 11 sanctions is <u>affirmed</u>. As for sanctions under Fed. R. App. P. 38, we award a flat sum of $1,500 in attorneys' fees to Fiddes for the defense of the second appeal (No. 05-1306) and the preparation of its Rule 38 motion, plus double costs. Much of the work done by Fiddes in the district court Rule 60(b) proceeding could be adapted to the appeal, and a further round of filings to refine the amount precisely will lead only to more expense.

<u>It is so ordered</u>.