# United States Court of Appeals
## For the First Circuit

No. 17-1239

ANGIODYNAMICS, INC.,

Plaintiff, Appellee,

v.

BIOLITEC AG; WOLFGANG NEUBERGER;
BIOMED TECHNOLOGY HOLDINGS, LTD.,

Defendants, Appellants,

BIOLITEC, INC.,

Defendant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Michael A. Ponsor, U.S. District Judge]

Before

Lynch, Stahl, and Barron,
Circuit Judges.

William E. Reynolds, with whom Nixon Peabody LLP was on brief, for appellee.
Edward Griffith, with whom The Griffith Firm, Jesse Belcher-Tinme, and Doherty, Wallace, Pillsubry & Murphy, P.C. were on brief, for appellants.

January 23, 2018

**PER CURIAM**.  Plaintiff AngioDynamics has moved for sanctions against counsel for Defendants.  After careful consideration, we reluctantly will not impose sanctions against defense counsel.

Under Rule 38 of the Federal Rules of Appellate Procedure, this court, upon a motion from appellee and after determining that an appeal is frivolous, may "award just damages and single or double costs to the appellee."  "An appeal is frivolous if the result is obvious or the arguments are 'wholly without merit.'"  Cronin v. Town of Amesbury, 81 F.3d 257, 261 (1st Cir. 1996) (quoting Westcott Constr. Corp. v. Firemen's Fund of N.J., 996 F.2d 14, 17 (1st Cir. 1993)).

Both an appellant and its counsel may face sanctions for bringing a frivolous appeal.  "An attorney's duty to represent a client zealously is not a license to harass."  Id. at 262.  When counsel "crosse[s] the line from zealous advocacy to vexatious advocacy, needlessly multiplying the proceedings . . . , it is appropriate to sanction the attorney personally for the excess costs, expenses and attorneys' fees reasonably incurred."  Id.

This appeal presents several of the hallmarks of frivolity.  Defendants largely rely on an argument we found waived in their previous appeal, AngioDynamics, Inc. v. Biolitec AG, 823 F.3d 1 (1st Cir. 2016) (Biolitec IV).  See Roger Edwards, LLC v. Fiddes & Son Ltd., 437 F.3d 140, 145 (1st Cir. 2006) (imposing

- 3 -

sanctions against an appellant for "rehashing its meritless claims yet again" in its third appeal). Defendants' briefing in this appeal recycles portions of the briefing from their previous appeal. See In re Simply Media, Inc., 583 F.3d 55, 56-57 (1st Cir. 2009) (imposing sanctions against appellant that had "taken verbatim" large sections of an earlier brief in a related case). Finally, as we noted in Biolitec IV, throughout this case, Defendants "have repeatedly thumbed their nose at the district court," 823 F.3d at 10, and have employed tactics in this court that "reek[ed] of an attempt at re-litigation," id. at 5.

After oral argument, counsel for Defendants submitted a Rule 28(j) letter, in which they claimed, for the first time, that they had misinterpreted our decision in Biolitec IV. According to counsel, had they understood that we found all variations of their expired injunction argument waived in Biolitec IV, they "would not have moved for Rule 60 relief based on the Preliminary Injunction's expiration." They nonetheless contend their misreading of Biolitec IV was reasonable, making their motions in the district court and their appeal to this court not frivolous.

We are decidedly skeptical of Defendants' newfound position, raised improperly for the first time in a Rule 28(j) letter. See Rosa-Rivera v. Dorado Health, Inc., 787 F.3d 614, 617 (1st Cir. 2015). However, we will, in these circumstances, give defense counsel the benefit of the doubt and not impose sanctions

against them.  We view this as a very close case for sanctions and emphasize that "[o]ur denial of sanctions should not be taken as an endorsement of [Defendants'] decision to appeal." Candelario-Del-Moral v. UBS Fin. Servs. Inc. of P.R. (In re Efron), 746 F.3d 30, 38 (1st Cir. 2014).

We make one final note.  We have just disposed of the fifth appeal in this case.  This case is at an end, and we will not be as charitable, and will not expect the district court to be charitable, to any additional attempts at prolonging it. Defendants and their counsel should be on notice that we would view any further arguments based on the alleged expiration of the preliminary injunction, either in this court or the district court, as wholly baseless.

For the foregoing reasons, we deny AngioDynamics' motion for sanctions.  Single costs will be awarded to appellee.