# United States Court of Appeals
## For the First Circuit

No. 01-2384

ARON LIPMAN,

Plaintiff, Appellant,

v.

DAVID DYE, d/b/a ARMS MERCHANT,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Joseph L. Tauro, U.S. District Judge]

Before

Lipez, Circuit Judge,

Campbell and Bownes, Senior Circuit Judges.

Scott A. Herlands with whom Herlands, Rothenberg & Levine was
on brief for appellant.
Theodore A. Barone for appellee.

June 17, 2002

**CAMPBELL**, **Senior Circuit Judge**.  Plaintiff-appellant Aron Lipman ("Lipman") appeals from an order of the district court denying his motion to enforce and implement the terms of a settlement agreement.  The underlying action was dismissed after the parties represented to the court, on the eve of trial, that their dispute had been settled.  Fresh difficulties arose between the parties, however, leading Lipman to move the district court to help implement the terms of the settlement agreement or to order binding mediation.  The district court declined to re-open the case.  We affirm.

## I.    PROCEDURAL HISTORY

On April 15, 1996, Lipman instituted an action for conversion in the Court of Common Pleas of Lackawana County against the Appellee, David Dye ("Dye") d/b/a Arms Merchant, Inc.[1]  Dye removed the action to the United States District Court for the Middle District of Pennsylvania and promptly sought to transfer the action to the District of Massachusetts.  Dye's motion for transfer of venue was granted on March 13, 1997.

---

[1]Lipman alleged that in April 1994 he entered into an agreement with Dye pursuant to which Lipman consigned to Dye 339 firearms which had a retail value of $300,000.  Lipman further alleged that Dye was to sell the weapons at "established retail prices" from which Dye would receive a ten percent commission, and that the balance would be remitted to Lipman. According to Lipman, Dye had neither made payments to him nor returned the consigned goods.  Dye, of course, denied the allegations and brought counterclaims against Lipman for breach of contract and abuse of process.

After arriving in Massachusetts in April 1997, the case lay dormant for several months. Finally, Dye's attorney requested the district court to hold a scheduling conference to pursue his counterclaims. In a letter dated September 26, 1997, Dye stated that "[t]he opposing party, Aron Lipman, . . . has failed to pursue his claims. David Dye is the plaintiff in the counterclaim and wishes to proceed and pursue this action." A conference was promptly scheduled and discovery was ordered. A trial date was set for October 13, 1998. On October 5, 1998, Lipman's attorney requested a continuance of the trial date. A new trial date was set for November 2, 1998. Again, Lipman's attorney requested a continuance. After a delay of almost a year, trial was set for September 13, 1999. For reasons not clear on the record, the trial did not go forward on this date, and the trial was rescheduled for January 31, 2000.

Nearly four years after the complaint was filed, on January 25, 2000, Lipman's attorney signed a settlement memorandum written by Dye's attorney. Believing the case to be settled, the district court promptly issued a Settlement Order of Dismissal, of even date, reading as follows:

> IT IS ORDERED that this action is hereby dismissed without prejudice to reconsideration and possible re-opening if within 60 days of this order a motion is filed which represents that the terms of the settlement agreement have not been performed and there is good cause for the non-performing party or parties to have failed to perform.
>
> If no such motion is filed within 60 days of this Order, the case may only be reopened upon a meritorious motion pursuant to Fed. R. Civ. Procedure 60, See Pratt v. Philbrook, 109 F.3d 18 (1st Cir. 1997).

Although the settlement memorandum had provided that Dye's attorney would prepare a stipulation of dismissal, no such stipulation was filed. Neither the settlement memorandum itself nor any statement as to the terms of the settlement was incorporated into the court's order or the record.

Within the sixty days allotted in the court's order, Lipman filed a "Motion to Reopen Case or to Enforce Settlement Agreement." In the motion, Lipman represented that the parties had reached a "settlement in principle" on or about January 25, 2000, but that the terms of the settlement had not been performed by Dye. Specifically, Lipman alleged that Dye had sold $10,000 worth of firearms without Lipman's consent or knowledge, thereby breaching the terms of the settlement agreement. Lipman requested that the court reopen the case or enforce the terms of the agreement. Dye, while acknowledging the existence of a settlement agreement, opposed the motion, as well as the allegations made therein, and requested an oral hearing.

On August 28, 2000, the district court held a hearing on Lipman's above motion. The parties summarized the argument, in their papers and at the hearing, as a $10,000 dispute in the settlement terms. The court responded to the arguments by stating "[i]t seems to me that is a different cause of action. Sue him if you want." When Lipman's counsel protested, the court reiterated its position. "No, but, I mean, if there was a breach of contract, that's a breach of contract. It's a $10,000 case. Sue him in Superior Court or the BMC. Okay. I am not going to open the case,

-4-

reopen it." Thereafter, on the same day, August 28, 2000, the district judge signed and caused to be entered an order denying Lipman's motion to reopen the case or to enforce the settlement agreement. Lipman did not file a timely notice of appeal from the court's August 28, 2000, order nor did he institute an action in state court.

Seven months later, on April 20, 2001, Lipman again filed a motion, this one called a "Motion to Enforce and Implement the Terms of the Settlement Agreement." The motion did not mention the $10,000 discrepancy discussed at the time of Lipman's prior motion but claimed that "[t]here is a problem with what is to be included in the Releases, what documents are necessary to transfer the firearms at issue and how to make the actual physical transfer of said firearms." Lipman requested the district court "to direct in specificity how to implement the terms of the Settlement in Principle or order Binding Mediation to achieve the same." On August 13, 2001, the court, in a margin order, denied the motion without a hearing.

Thereafter, Lipman filed in this court what he styled as a petition for writ of mandamus. On September 10, 2001, this court denied the mandamus petition, suggesting that any available remedy would be by appeal. Lipman thereupon filed a timely notice of appeal from the district court's order of August 13, 2001. It is this notice of appeal that is currently before us. Lipman has filed essentially the same brief in connection with this appeal as he did in support of his earlier petition for writ of mandamus.

-5-

## I.	DISCUSSION

In the motion denied on August 13, 2001, to which this appeal pertains, Lipman sought the district court's assistance to enforce, or have mediated, the original settlement agreement. Lipman did not, as in his earlier motion, seek to reopen the dismissed action. Nor, indeed, would a request to reopen have been appropriate absent compliance with the strictures of Fed. R. Civ. P. 60(b). Lipman had taken no appeal from the district court's earlier order dated August 28, 2000, refusing, inter alia, to reopen the case. Without appeal, the court's prior Settlement Order of Dismissal became final thus barring any further attempt to reopen the case in ordinary course.

Perhaps recognizing that reopening was no longer an option, Lipman did not seek to reopen the case in his August 13, 2001, motion, but rather requested the district court's help with the enforcement or mediation of the settlement agreement. However, such assistance goes beyond the district court's jurisdiction at this time. The Supreme Court has held that enforcement of a settlement agreement, whether through an award of damages or decree of specific performance "is more than just a continuation or renewal of the dismissed suit and hence requires its own basis for jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 378 (1994). Neither party addresses this jurisdictional barrier.

Subject matter jurisdiction may be independent or ancillary. Absent an independent basis for federal jurisdiction,

dismissal-producing settlement agreements are not enforceable in federal court unless the district court has ensured its continuing ancillary jurisdiction by making "the parties' obligation to comply with the settlement agreement . . . part of the order of dismissal." Id. at 380. A district court can do so by either including a provision explicitly retaining jurisdiction over the settlement agreement or by incorporating the terms of the settlement agreement in the court's order. Id. at 380-81. This is so whether the dismissal is by order of the court pursuant to Rule 41(a)(2) or by stipulation of the parties pursuant to Rule 41(a)(1)(ii). Id. at 381.

The Settlement Order of Dismissal entered on January 25, 2000, purported to retain jurisdiction over the settlement agreement for no more than sixty days. See Pratt v. Philbrook, 109 F.3d 18, 21 n.5 (1st Cir. 1997) (noting that "[t]he 60-day order procedure has developed as a mechanism for the trial courts to bring cases to closure while retaining jurisdiction to enforce a settlement agreement for a period of time after closure is announced"); see also Metro-Goldwyn Mayer, Inc. v. 007 Safety Prods., Inc., 183 F.3d 10, 14 (1st Cir. 1999). The order dismissed the case without prejudice "to reconsideration and possible re-opening if within sixty days of this order a motion is filed which represents that the terms of the settlement agreement have not been performed and there is good cause for the non-performing party or parties to have failed to perform." Lipman, in fact, moved to reopen within 60 days, supra, and the court, after hearing, denied

Lipman's motion on August 28, 2000. Lipman's one timely effort to reopen had thus been denied without appeal long before Lipman brought the present April 20, 2001, motion; and of course, the sixty days had expired likewise long before that motion. To put matters in a nutshell, by April 20, 2001, the case in question had, for some time, been terminated. The district court itself lacked jurisdiction to resurrect it.

Lipman's April 20, 2001, motion from which the present appeal is taken was, of course, not a complaint instituting a new law suit. But even were it regarded as such, the complaint would have failed, as it presented no independent basis for federal court jurisdiction. While there appears to be diversity of citizenship, we find no evidence that the amount in controversy meets the federal jurisdiction requirements. According to Lipman's April 20, 2001, motion, the dispute concerning the implementation of the settlement agreement centered on "what is to be included in the Releases, what documents are necessary to transfer the firearms at issue and how to take actual physical transfer of the said firearms." Such a dispute is ministerial rather than monetary. Moreover, even if the present dispute involves a conflict over money, the parties conceded at the hearing on Lipman's earlier motion that no more than $10,000 is at stake..

In the end, Lipman's claim appears to be one for a breach of contract, part of the consideration for which was the dismissal of an earlier suit. As the Supreme Court noted "[n]o federal statute makes that connection (if it constitutionally could) the

-8-

basis for federal-court jurisdiction over the contract dispute." Kokkonen, 511 U.S. at 381.  If the parties had wanted the district court to take appropriate steps to retain jurisdiction over the enforcement of the settlement agreement they could have so requested.  They did not.  Lipman can presumably bring an independent action for breach of contract in the state courts.  See Kinan v. Cohen, 268 F.3d 27, 34 (1st Cir. 2001); Malave v. Carney Hosp., 170 F.3d 217, 220 (1st Cir. 1999).  The district court's August 13, 2001, order denying Lipman's "Motion to Enforce and Implement the Terms of the Settlement Agreement" is **affirmed**.