**Marilyn Exclusa RIVERA, Plaintiff,**

v.

**STATE INSURANCE FUND CORP., et al., Defendants.**

**No. CIV 05–1655(JAF).**

United States District Court, D. Puerto Rico.

Jan. 19, 2006.

**58**

Efrain Maceira–Ortiz, Urb. Perez Morris, San Juan, PR, for Plaintiff.

Johanna M. Emmanuelli–Huertas, Pedro Ortiz Alvarez Law Offices, Ponce, PR, Francisco A. Ojeda-Diez, P. R. Department of Justice, Frances R. Colon–Rivera, Saldana & Carvajal, San Juan, PR, for Defendants.

### OPINION AND ORDER

FUSTE, Chief Judge.

Plaintiff Marilyn Exclusa Rivera brings the present action against Defendants, State Insurance Fund Corporation ("SIFC"); Salvador Rovira Rodríguez; Efrén Echevarría Vélez and the conjugal partnership he forms with his wife; Adelaida Rosado Rivera; Rosaura Reyes; Héctor Torres; Miriam Rivera; William Carrera Irizarry; Luis Alicea Berríos; Petra Milagros Santiago; American International Insurance Company ("AIICO"); three unnamed defendants; and three unnamed insurance companies, alleging violations of 42 U.S.C. §§ 1983 and 1985 (1994 & Supp.2003), and various state claims, including one for breach of contract. *Docket Document No. 1.*

Defendants move to dismiss for lack of subject matter jurisdiction, alleging that Exclusa's action belongs in state court because it implicates a Settlement Agreement contract term forbidding future retaliation against her for exercising her First Amendment rights. *Docket Document Nos. 24, 25, 26.* Exclusa opposes the motion. *Docket Document No. 28.*

### I.

### Relevant Factual and Procedural History

We derive the following factual summary from Exclusa's complaint. *Docket Document No. 1.* As we must, we assume all of her allegations are true and we make all reasonable inferences in her favor. *Alternative Energy, Inc. v. St. Paul Fire and Marine Ins., Co.,* 267 F.3d 30, 36 (1st Cir.2001).

Exclusa began working for the SIFC, a public corporation, on July 29, 1985, as an office dactylographist. During the years 2001 and 2003, Exclusa was the victim of political persecution in the office and filed a complaint in this district court on November 3, 2003, against SIFC; its then-administrator Nicolás López Peña; its then-Arecibo Region Director Efrén Echevarría Vélez; and Assistant Director Myrta Daniela González González alleging, among other things, a violation of her rights under 42 U.S.C. § 1983. *Civ. No. 03–2186, Docket Document No. 1.* On or around November 29, 2004, Exclusa and the Defendants in that action signed a Settlement Agreement whereby she accepted $95,000 to "move for voluntary dismissal of all her plausible claims against the defendants arising out of the facts alleged in the complaint." *Docket Document No. 26, Exh. 1.* In signing the Settlement Agreement, the Defendants agreed that in the future there "will be no retaliation against Plaintiff." *Id.* On November 30, 2004, Exclusa filed a motion for volun-

tary dismissal, *Civ. No. 03–2186, Docket Document No. 47,* and this court dismissed the case on the same day. *Civ. No. 03–2186, Docket Document No. 48.*

In the five months immediately following the settlement and dismissal of that first lawsuit, Exclusa found herself the victim of regular workplace harassment in retaliation for having petitioned the federal courts for the redress of her rights. Exclusa alleges that from December 2004 until April 2005, she has been unjustifiably investigated by the SIFC's Labor Relations Office four times, that she has been improperly denied a merit step evaluation, that her workspace has been destroyed, that her responsibilities have been downgraded, and much more.

On June 17, 2005, Exclusa filed the present complaint claiming that Defendants' actions violated her First Amendment rights, specifically her right to Petition the Courts, in violation of 42 U.S.C. §§ 1983 and 1985. She also alleges various state law claims, including breach of contract, and requests that we grant monetary and injunctive relief.

On August 22, 2005, AIICO moved to dismiss Exclusa's complaint arguing that this court does not have subject matter jurisdiction over the Settlement Agreement implicated in the action. *Docket Document No. 24.* SIFC filed its own subject matter jurisdiction motion to dismiss on September 6, 2005. *Docket Document No. 25.* On the same day, all remaining Defendants jointly filed another subject matter jurisdiction challenge. *Docket Document No. 26.* Exclusa opposed the motion on September 9, 2005. *Docket Document No. 28.*

## II.

### *Motion to Dismiss Standard under Rule 12(b)(1)*

Under Rule 12(b)(1), a defendant may move to dismiss an action against him for lack of federal subject matter jurisdiction. *See* Fed.R.Civ.P. 12(b)(1) (1992 & Supp. 2004). The party asserting jurisdiction has the burden of demonstrating its existence. *See Skwira v. United States,* 344 F.3d 64, 71 (1st Cir.2003) (citing *Murphy v. United States,* 45 F.3d 520, 522 (1st Cir.1995)).

Rule 12(b)(1) is a "large umbrella, overspreading a variety of different types of challenges to subject-matter jurisdiction," including ripeness, mootness, the existence of a federal question, diversity, and sovereign immunity. *Valentin v. Hosp. Bella Vista,* 254 F.3d 358, 362–63 (1st Cir.2001). A moving party may mount a "sufficiency challenge," taking the plaintiff's "jurisdictionally-significant facts as true" and requiring the court to "assess whether the plaintiff has propounded an adequate basis for subject-matter jurisdiction." *Id.* at 363. Alternatively, when the jurisdictional facts are distinct from the case's merits, a moving party can bring a "factual challenge," in which case the court addresses "the merits of the jurisdictional claim by resolving the factual disputes between the parties." *Id.*

## III.

### *Analysis*

The Defendants in this case, through three separate motions, collectively argue that Exclusa's claim for breach of a settlement agreement, consideration for which was the dismissal of an earlier federal lawsuit, belongs in state court. *Docket Document Nos. 24, 25, 26.* To support their challenge of federal subject matter jurisdiction, Defendants invoke three cases, the holdings to which are discussed in turn below.

In *Kokkonen v. Guardian Life Ins. Co. of America,* the United States Supreme Court held that there was no federal subject matter jurisdiction over a complaint

presenting one single question: Whether the terms of a settlement agreement had been breached. 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). The court explained that such claims were contract-based and belonged in state courts **unless the parties had successfully petitioned the judge dismissing the underlying federal lawsuit to include a term in the dismissal order specifically retaining jurisdiction or incorporating the settlement agreement's terms therein.** *Id.* at 381, 114 S.Ct. 1673.

Years later, in *Lipman v. Dye,* the First Circuit also considered a stand-alone breach of settlement claim and cited to *Kokkonen* in ruling against federal subject matter jurisdiction. 294 F.3d 17 (1st Cir. 2002). "In the end, [the] claim appears to be one for breach of contract," the court said, and the plaintiff "can presumably bring an independent action for breach of contract in the state courts." *Id.* at 21.

Lastly, the First Circuit threw out a settlement agreement enforcement action for lack of federal subject matter jurisdiction in *Mun. of San Juan v. Rullan,* noting that the parties had not made use of any of the mechanisms suggested in *Kokkonen* to imbue the district court with summary enforcement authority over the settlement agreement. 318 F.3d 26, 31 (1st Cir.2003).

While the present motions to dismiss were obviously inspired by the fact that the *Kokkonen, Lipman,* and *Mun. of San Juan* courts all rejected federal subject matter jurisdiction over isolated breach of settlement claims, the Defendants present no argument as to why those holdings work to similarly assure that there is no federal subject matter jurisdiction over the breach of contract claim in the present case when it was brought in tandem with two plainly pleaded federal questions based on §§ 1983 and 1985 of the U.S.Code. *Docket Document No. 1.*

■ While Defendants' allegedly retaliatory conduct breached a term of the settlement agreement, it independently constitutes a deprivation of Exclusa's rights as protected by §§ 1983 and 1985. We have original jurisdiction over the 1983 and 1985 claims, of course, which in turn gives us supplemental jurisdiction over the related breach of contract claim. 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); 28 U.S.C. § 1367 ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."). Though the record reflects no agreement between the parties that the settlement be enforced in federal court, such agreement is not necessary to allow the challenged breach of contract claim in this case to continue. Supplemental jurisdiction independently establishes a legal basis for our jurisdiction over this part of Exclusa's complaint. *Kokkonen,* 511 U.S. at 382, 114 S.Ct. 1673 ("[E]nforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction."); *Lipman,* 294 F.3d 17 (conducting a diversity of citizenship analysis to determine whether there was an independent basis for federal jurisdiction upon which the breach of contract claim could survive in federal court). We, therefore, deny Defendants' Rule 12(b)(1) motion to dismiss this action for lack of subject matter jurisdiction.

■ AIICO individually argues in the alternative that Exclusa's breach of contract claim against it should be dismissed because it was not a signatory to the No-

vember 30, 2004, settlement central to the claim. *Docket Document No. 24*. Exclusa sheds little light on the challenge by merely affirming her belief that AIICO is "responsible for the new wave of retaliation and conspiracy against Plaintiff after the Settlement Agreement was reached." *Docket Document No. 28*. Presumably she means that AIICO's responsibility as SIFC's insurance provider legally justifies its inclusion as a defendant on the breach of contract claim, but since neither party has briefed that issue fully, and since we must draw all reasonable inferences in favor of the plaintiff on a motion to dismiss, *Educadores Puertorriquenos en Accion v. Hernandez*, 367 F.3d 61, 62 (1st Cir.2004) (citing *LaChapelle v. Berkshire Life Ins. Co.*, 142 F.3d 507, 508 (1st Cir.1998)), we allow the breach of contract claim against AIICO to continue for the time being.

## IV.

### Conclusion

In accordance with the foregoing, we DENY in full Defendants' motions to dismiss, *Docket Document Nos. 24, 25, 26*.

**IT IS SO ORDERED.**