# United States Court of Appeals
## For the First Circuit

_____

No. 05-1214

RAFAEL BAELLA-SILVA;
LAURA CARUNCHO-MARCANO;
CONJUGAL PARTNERSHIP BAELLA-CARUNCHO,

Plaintiffs, Appellants,

v.

PAUL H. HULSEY;
JANE DOE;
CONJUGAL PARTNERSHIP HULSEY-DOE;
JOHN DOE;
CHERIE K. DURAND;
CONJUGAL PARTNERSHIP DOE-DURAND;
HULSEY LITIGATION GROUP, LLC;
PALMAS DEL SOL, S.E.;
RAUL RODRÍGUEZ;
SILVIA LETICIA BORBOLLA-GONZÁLEZ;
CONJUGAL PARTNERSHIP RODRÍGUEZ-BORBOLLA;
ARTURO BAELLA;
FRANCISCO RULLÁN;
ROSITA RULLÁN;
CONJUGAL PARTNERSHIP RULLÁN-RULLÁN,

Defendants, Appellees.

UNITED STATES FIDELITY & GUARANTY COMPANY,

Defendant.

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO
[Hon. Jaime Pieras, Jr., U.S. Senior District Judge]

_____

Before

Torruella, <u>Circuit Judge</u>,
Hansen,[*] <u>Senior Circuit Judge</u>,
Lynch, <u>Circuit Judge</u>.

_____

José A. Andréu-García, with whom <u>Andréu & Sagardía Law Office</u>,
was on brief for appellants.
Paul H. Hulsey, with whom <u>Cherie K. Durand</u>, <u>William J. Cook</u>,
and <u>Hulsey Litigation Group, LLC</u>, were on brief for appellees.

_____

June 30, 2006

_____

_____

[*]Of the United States Court of Appeals for the Eighth Circuit,
sitting by designation.

HANSEN, Senior Circuit Judge. Rafael Baella-Silva, Laura Caruncho-Marcano, and the Conjugal Partnership Baella-Caruncho (collectively "Baella-Silva") appeal the district court's judgment assessing liquidated damages and an additional monetary sanction against Baella-Silva.

The sanctions order at issue here was entered after the district court determined that Baella-Silva had breached a prior settlement agreement which had been completely incorporated into the district court's earlier dismissal judgment. The settlement resolved a dispute concerning the allocation of attorneys' fees between Rafael Baella-Silva, an attorney, and the Hulsey Litigation Group, LLC, including attorneys Paul H. Hulsey and Cherie K. Durand (collectively "Hulsey").

The fee dispute arose over an award of attorneys' fees resulting from their joint efforts in representing a Puerto Rican company, Palmas del Sol, S.E., in litigation against United States Fidelity and Guaranty Company (USF&G) (hereinafter referred to as "the USF&G litigation"). Baella-Silva began as the lead attorney for Palmas del Sol, but when the USF&G litigation was removed to federal court, he retained the aid of the Hulsey Group. Later, Baella-Silva completely withdrew from the case, but before his withdrawal, he secured an agreement for his accrued fees. In the arrangement, Hulsey agreed to remit to Baella-Silva a certain percentage of any attorneys' fees awarded in the USF&G litigation.

The USF&G litigation produced a settlement in favor of Palmas del Sol, triggering the attorneys' contingent fee arrangement with their client.

Baella-Silva filed this breach of contract action in the local court of the Commonwealth of Puerto Rico on September 2, 2004, alleging that Hulsey had refused to pay him the agreed upon percentage of the contingent fee. On September 10, 2004, Hulsey removed the case to federal court, asserting the existence of complete diversity between the real parties in interest for purposes of federal jurisdiction. Hulsey simultaneously asserted that although nondiverse parties appear in the caption, they had been fraudulently joined by Baella-Silva in an attempt to defeat diversity jurisdiction.

Baella-Silva opposed the removal and requested that the case be remanded back to the Commonwealth court due to a lack of complete diversity. USF&G deposited the disputed funds with the clerk of court. The district court held a hearing on the motion to remand on Friday, October 1, 2004, but did not rule on the motion because the parties entered into a settlement agreement concerning the attorneys' fee litigation on the same day. The district court incorporated the settlement into its judgment (hereinafter "the settlement judgment") and filed it under seal.

The settlement judgment resolved the attorneys' fee issue by awarding a specified sum to Baella-Silva and allocating to Hulsey

-4-

the remainder of the amount deposited with the clerk. In addition to settling the fee dispute, the settlement judgment included a confidentiality clause providing for liquidated damages in the amount of $50,000 in the event either party disclosed the terms of the settlement agreement, and Baella-Silva expressly relinquished all claims against his former client, Palmas del Sol, and its partners relating to the USF&G litigation and agreed to have no contact with anyone working for or on behalf of Hulsey, Palmas del Sol, or its partners. The settlement judgment states that all parties agree to accept the district court's jurisdiction and that the district court "shall retain jurisdiction to enforce the terms of this [a]greement." No party appealed the settlement judgment.

On the following Monday, October 4, 2004, Baella-Silva electronically filed on the federal district court's public docket a motion for disbursement of funds, which disclosed some of the details of the sealed settlement judgment. Baella-Silva also filed two lawsuits in the local Commonwealth court against Palmas del Sol and its individual partners for amounts allegedly owed to him. Hulsey immediately filed a motion to suspend disbursement of all funds and to impose sanctions, asserting that Baella-Silva's actions breached the express terms of the settlement judgment by disclosing its confidential terms as well as by suing and harassing Palmas del Sol and its partners.

Following a hearing, the district court entered a sanctions order on December 22, 2004, concluding that Baella-Silva had breached the confidentiality clause by filing the motion for disbursement electronically, where it was posted live on the clerk's public docket for approximately one hour before he requested the clerk to seal the motion. Accordingly, the court entered judgment against Baella-Silva in the amount of $50,000 for liquidated damages as set forth in the settlement judgment. The district court also found that Baella-Silva had breached the settlement judgment a second time by filing two separate lawsuits against Palmas del Sol and its individual partners, seeking damages totaling $20,320. The district court assessed an additional sanction of $20,320 for this breach. The district court denied Baella-Silva's motion to reconsider, and Baella-Silva timely appealed the district court's sanctions order.

On appeal, Baella-Silva argues that the district court lacked subject-matter jurisdiction to enter the settlement judgment and the sanctions order due to a lack of complete diversity. Alternatively, Baella-Silva argues that the district court erred in assessing liquidated damages and the additional sanctions.

## I. Jurisdiction

Because the parties settled the underlying dispute, the district court did not explicitly rule on the jurisdictional issues raised in Baella-Silva's motion to remand. By incorporating the

settlement completely into a final judgment, however, the district court assumed it had jurisdiction to enter the settlement judgment. In the settlement judgment, the parties acknowledged and agreed to that jurisdiction as well as the court's continuing jurisdiction to enforce the agreement. The parties did not bring a direct appeal challenging the district court's jurisdiction or any other aspect of the settlement judgment within the time period provided for appeal. See Lipman v. Dye, 294 F.3d 17, 20 (1st Cir. 2002) (noting that "[w]ithout appeal, the court's prior Settlement Order of Dismissal became final thus barring any further attempt to reopen the case in ordinary course"). Now, as part of his appeal of the sanctions order, Baella-Silva attempts to collaterally attack the jurisdictional basis for the settlement judgment, asserting a lack of complete diversity.

"It has long been settled that a lack of complete diversity between the parties deprives the federal courts of jurisdiction over the lawsuit." Casas Office Machs., Inc. v. Mita Copystar Am., Inc., 42 F.3d 668, 673 (1st Cir. 1994) (internal marks omitted). Furthermore, "[a] court without subject-matter jurisdiction may not acquire it by consent of the parties." Fafel v. DiPaola, 399 F.3d 403, 410 (1st Cir. 2005). "Weighing against this seemingly 'inflexible' jurisdictional requirement, however, is a strong interest in the finality of judgments." Id. (internal citation omitted). A district court's express or implicit determination

that it has jurisdiction is open to direct review, but it is res judicata when collaterally attacked.  Id.

In an effort to balance the competing policies of observing limits on federal jurisdiction and respecting the finality of judgments, "this court has established a high bar for collaterally vacating a judgment for lack of subject-matter jurisdiction."  Id. Namely, the judgment must be void in order to be vacated for lack of subject-matter jurisdiction on collateral review:

> A void judgment is to be distinguished from an erroneous one, in that the latter is subject only to direct attack. A void judgment is one which, from its inception, was a complete nullity and without legal effect. . . . While absence of subject matter jurisdiction may make a judgment void, such total want of jurisdiction must be distinguished from an error in the exercise of jurisdiction . . . [which] will not render the judgment void.  Only in the rare instance of a clear usurpation of power will a judgment be rendered void.

Id. (internal marks omitted) (quoting Lubben v. Selective Serv. Sys. Local Bd. No. 27, 453 F.2d 645, 649 (1st Cir. 1972)).  Under this standard, if the record supports an "arguable basis" for concluding that subject-matter jurisdiction existed, a final judgment cannot be collaterally attacked as void.  Id. at 411.

The district court implicitly found it had jurisdiction to enter the settlement judgment.  We will therefore treat Baella-Silva's collateral attack on the settlement judgment in this appeal as we would treat an appeal from the denial of a motion for relief from a void judgment pursuant to Federal Rule of Civil Procedure 60(b)(4).  See id. at 409.  Accordingly, we will independently

examine the record to determine whether there is an arguable basis for concluding that subject-matter jurisdiction existed or whether the judgment is void as a clear usurpation of power. See id. at 410 (applying de novo review). See also Nemaizer v. Baker, 793 F.2d 58, 65 (2d Cir. 1986) ("When a district court has not explicitly noted why it assumed jurisdiction over a suit, appellate courts will independently examine the record to determine whether a reasonable basis existed for the lower court's implicit finding that it had jurisdiction.").

Our review of the record convinces us that there is an arguable basis for concluding that subject matter jurisdiction existed to enter the settlement judgment. The complaint indicates that the citizenship of the parties is not completely diverse because Palmas del Sol and its partners are citizens of Puerto Rico, as is Baella-Silva. The notice of removal, however, avers that complete diversity exists and specifically asserts that the nondiverse parties listed on the complaint are not real parties in interest but were in fact fraudulently joined in an effort to preclude removal to federal court.

There are grounds for crediting the averments of the notice of removal. The fee dispute that resulted in the settlement judgment involved a fee arrangement entered into only between Hulsey and Baella-Silva, between whom complete diversity exists. USF&G had deposited the amount of the disputed fees with the clerk of court

in fulfillment of its settlement in the USF&G litigation with Palmas del Sol. Puerto Rico law does not recognize an attorneys' lien, which would have made Palmas del Sol a necessary party, see Martinez v. Hernandez, 456 F.2d 262, 264 (1st Cir. 1972), and Baella-Silva had withdrawn from his representation of Palmas del Sol in the USF&G litigation. He had contracted for his accrued fees directly with Hulsey, not Palmas del Sol or its partners. Thus, the notice of removal, asserting that Baella-Silva had no claim against the nondiverse parties of Palmas del Sol and its partners and that they were fraudulently joined, provides an arguable basis for diversity jurisdiction. Because an arguable basis for subject matter jurisdiction exists in the record, the judgment is not void, and Baella-Silva's collateral attack on the settlement judgment must fail.

Baella-Silva also argues that the district court lacked subject matter jurisdiction to enter the sanctions order. The notice of appeal is timely as to the sanctions order. "[W]e review de novo the district court's legal conclusion that it had subject-matter jurisdiction to enforce its judgment." Fafel, 399 F.3d at 410. "Subject matter jurisdiction may be independent or ancillary." Lipman, 294 F.3d at 20. Ancillary jurisdiction exists where the district court has ensured its continuing jurisdiction to enforce a settlement agreement either by "including a provision explicitly retaining [enforcement] jurisdiction" or "by

-10-

incorporating the terms of the settlement agreement in the court's order." Id. (citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 380-81 (1994)). See also Fafel, 399 F.3d at 413; Municipality of San Juan v. Rullan, 318 F.3d 26, 30 (1st Cir. 2003). The district court here clearly ensured its continuing ancillary jurisdiction to enforce the settlement agreement by doing both. We thus turn to the merits of Baella-Silva's challenges to the sanctions order.

## II. Sanctions

Following a hearing, the district court assessed $50,000 in liquidated damages against Baella-Silva for breaching the confidentiality clause of the settlement judgment, and the court imposed an additional $20,320 sanction for Baella-Silva's subsequent act of filing two separate lawsuits in Commonwealth court against Palmas del Sol and its partners, in violation of the settlement judgment. Baella-Silva appeals the imposition of both sanctions.

First, Baella-Silva argues that he did not breach the confidentiality clause by electronically filing an unsealed motion for disbursement of funds on the district court's public docket web site. The confidentiality clause of the settlement judgment provides that the "[a]greement and its terms are confidential and shall not be disclosed to any person." The clause acknowledges that "[c]onfidentiality is the substantial consideration for th[e]

-11-

compromise" and provides that "[a]ny violation of confidentiality . . . will result in liquidated damages of **Fifty Thousand Dollars ($50,000.00)** to be assessed by this Honorable Court after notice and hearing." (Id. (emphasis in original).) Baella-Silva asserts that absent proof that a third party actually viewed the information in the motion, the electronic filing does not in itself amount to "disclosure."

The district court found that there was disclosure in violation of the agreement, because the information had been posted on a public website and was accessible to the general public for nearly an hour. The district court noted, "Indeed, the very essence of disclosure is present in this case, even if no third party viewed it." We agree.

A breach of a settlement agreement incorporated into an order is a violation of the court order. Kokkonen, 511 U.S. at 381. As with civil contempt actions, we review the district court's ultimate finding that a clause in the settlement judgment was breached for an abuse of discretion. See United States v. Saccoccia, 433 F.3d 19, 27 (1st Cir. 2005) ("In civil contempt cases, we first look to the text of the order to determine whether it is clear. As to findings of fact, we review for clear error, while the trial court's ultimate finding on contempt is reviewed for abuse of discretion.") (internal marks omitted); see also Eureka Broadband Corp. v. Wentworth Leasing Corp., 400 F.3d 62, 67

-12-

(1st Cir. 2005) (noting that "we review the district court's legal conclusions de novo and its findings of fact for clear error"). We bear in mind that an abuse of discretion may arise from either "a mistake of law [or] a clearly erroneous finding of fact." Rodger Edwards, LLC v. Fiddes & Son Ltd., 437 F.3d 140, 142 (1st Cir. 2006) (internal marks omitted).

We see no clear error in the district court's determination that Baella-Silva violated the confidentiality clause of the agreement. Baella-Silva and his attorney actively participated in negotiating and drafting the agreement, its terms were clear, the settlement was incorporated into the district court's judgment, and that judgment was never appealed. Filing a document on the district court's electronic filing system is not consistent with keeping information confidential. Documents filed electronically are immediately available electronically over the Internet, and the court's website provides 24-hour access to the court's electronic docket. The website sets forth a separate procedure for filing a motion under seal, and that procedure does not include an option for electronic filing. We think it is fair to presume in this day and age that every attorney understands that an electronic filing is immediately available to the public and is not a sealed document. See Mirpuri v. ACT Mfg., Inc., 212 F.3d 624, 631 (1st Cir. 2000) (stating that it is not excusable neglect for an attorney to choose to read an unambiguous judicial decree "through

rose-colored glasses" and thus cause a misunderstanding); United States v. Magana, 127 F.3d 1, 5-6 (1st Cir. 1997) (noting it is reasonable for a court to presume an attorney knows the local rules of practice, even including those unwritten rules that have become an established custom).

The settlement judgment was itself filed under seal for the purpose of preventing it from being available to anyone accessing the court's electronic filing system. The district court stated that the settlement judgment included specific instructions to the clerk of court concerning the disbursement of the funds "so as to preclude any of the parties from having to file a motion for disbursement, and the parties so understood." (Id.) Yet, Baella-Silva filed the motion electronically, thereby presenting the confidential terms of the agreement to the general public. Also, USF&G's counsel, a party who was not privy to the settlement and with whom Hulsey was still involved in litigation, received an automatic electronic mail notification of the filing. The district court was not convinced that no one had seen the motion, and in any event, concluded that public disclosure had occurred by the filing.

The district court's findings that Baella-Silva's filing disclosed confidential terms of the settlement in violation of the settlement judgment are not clearly erroneous. Nor did the court abuse its discretion in assessing $50,000 in liquidated damages. The parties had agreed that this would be the proper sanction for

-14-

a breach of the confidentiality clause, and that agreement had been incorporated into the settlement judgment, which was not appealed.

Second, Baella-Silva argues that the district court erred by imposing a $20,320 sanction for his filing of two lawsuits in the Commonwealth court against Palmas del Sol and its partners. The parties agreed that the district court would retain enforcement authority over the settlement judgment, and, contrary to Baella-Silva's assertions, no state-law limitations affect the district court's inherent power to fashion an equitable remedy to punish a violation of its decree. "A trial court has wide discretion in its choice of sanctions," and "[o]nce the trial court has chosen a particular sanction, appellate review is for abuse of discretion." Goya Foods, Inc. v. Wallack Mgmt. Co., 290 F.3d 63, 77-78 (1st Cir.), cert. denied, 537 U.S. 974 (2002). See Whitney Bros. Co. v. Sprafkin, 60 F.3d 8, 11-12 (1st Cir. 1995) (recognizing "that the district court is better situated than the court of appeals to marshal the pertinent facts and apply the fact-dependent legal standard" involved in determining whether to impose sanctions (internal marks omitted)). When a monetary sanction is chosen, we likewise review the amount of the sanction only for an abuse of discretion. See Goya Foods, Inc., 290 F.3d at 78.

The settlement judgment explicitly prohibited Baella-Silva from having further contact with any of the partners of Palmas del Sol, unless Palmas initiated the contact, and Baella-Silva and his

-15-

wife expressly relinquished any basis they may have had or ever would have to file suit against Palmas or its partners "for any reason whatsoever related to the underlying facts of [the USF&G litigation]." The settlement judgment is clearly worded. The evidence at the hearing demonstrated that the first of the two post-settlement suits was an attempt to recover fees for work done specifically to secure standing for Palmas del Sol in the USF&G litigation. The second suit, seeking fees for unrelated work performed over ten years earlier when there are no grounds for such a claim in Puerto Rico law, is easily seen as a transparent attempt to intimidate and harass the defendants in violation of the agreement. The district court did not commit clear error in finding that Baella-Silva breached the settlement judgment by filing the Commonwealth suits.

Finally, we conclude that the amount of the sanction, which is equal to the amount that Baella-Silva sought in the Commonwealth court in violation of the settlement judgment, is not excessive. "[A] party who seeks to overturn a monetary sanction on grounds of excessiveness bears a heavy burden." Goya Foods, Inc. v. Wallack Mgmt. Co., 344 F.3d 16, 19 (1st Cir. 2003). "[S]o long as a sanction is reasonably proportionate to the offending conduct, the trial court's quantification of it ought not to be disturbed." Id. at 20. Compensation for losses is not the only factor to be considered, however, because "[s]anctions stem, in part, from a

need to regulate conduct during litigation." Id. Thus, setting the amount of an effective sanction may include punitive concerns as well as considerations of deterrence. Id. at 20-21. In light of these multiple purposes and Baella-Silva's apparent willingness to disregard the terms of the settlement judgment, we cannot say that the district court abused its discretion in setting the amount of the additional sanction.

We find no abuse of discretion in the district court's sanctions order.

Affirmed. Costs are awarded to the appellees.