[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-10455
Non-Argument Calendar
_____

D.C. Docket No. 9:03-cr-80115-DMM-1

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

versus

FAKERIA SHAZAY PHILLIPS,
a.k.a. Black,

                                        Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 16, 2021)

Before JILL PRYOR, LUCK, and DUBINA, Circuit Judges.

PER CURIAM:

Appellant, Fakeria Shazay Phillips, appeals the district court's imposition of a 60-month sentence following its revocation of Phillips's supervised release. On appeal, Phillips argues that his sentence was procedurally unreasonable because the district court's finding that he violated certain conditions of his supervised release was not supported by a preponderance of the evidence. He also contends that his sentence was substantively unreasonable because the district court failed to consider the unique circumstances of the alleged violations. After reviewing the record and reading the parties' briefs, we affirm Phillips's 60-month sentence.

**I.**

In 2004, Phillips pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and § 924(c). Based upon his total offense level of 31 and criminal history category of VI, after an enhancement for being an armed career criminal, Phillips's advisory guideline range was 188 to 235 months' imprisonment. The district court sentenced him to 180 months' imprisonment followed by five years of supervised release. The terms and conditions of his supervised release mandated that he could not commit another federal, state, or local crime, or illegally possess or use controlled substances. Phillips did not directly appeal from this sentence.

After serving his prison sentence, Phillips began his supervised release term in May 2018. In November 2019, a probation officer petitioned the district court

2

to issue a warrant and revoke Phillips's supervised release based on information that Phillips had violated the terms of his supervised release. The violations included the following: (1) the offense of trafficking heroin; (2) the offense of possession of cocaine with the intent to sell; (3) the offense of possession of a scheduled IV controlled substance; (4) the offense of possession of amphetamine; (5) and (6) the offenses of aggravated assault on a law enforcement officer with a deadly weapon; (7) the offense of resisting an officer with violence; and (8) the offense of fleeing and eluding a law enforcement officer. These violations were contrary to the laws of Florida.

At Phillips's revocation hearing, the government presented testimony from Sergeant Richard Segedin of the Palm Beach County Sheriff's Office, who testified to the following. On November 1, 2019, while on duty and dressed in a sheriff's office shirt ("Battle Dress Uniform"), tactical pants, and an external bulletproof vest with the word "Sheriff" on the front and back and a badge on the chest, he received information about a drug transaction. Sgt. Segedin drove his unmarked police vehicle to a hotel parking lot, where he activated his blue and red strobe lights and parked at an angle behind the suspect vehicle. After he parked, Sgt. Segedin noticed that the driver, later identified as Phillips, appeared distracted with a backpack that he held at chest level.

3

Concerned that the driver was armed, Sgt. Segedin approached the vehicle with his firearm drawn. He opened the driver's door, at which point Phillips swatted at the firearm, shifted the car into reverse, and drove backwards. Sgt. Segedin was concerned that he would be pulled between the open car door and the front of his unmarked car, so he reentered his vehicle and drove into Phillips's vehicle. About the same time, Detective Connor Haugh, who witnessed the drug transaction and contacted Sgt. Segedin about the drug transaction, arrived on the scene. During the incident, Phillips drove his vehicle into Detective Haugh's unmarked vehicle before managing to drive away from the scene. Deputy Haugh fired several shots at Phillips's vehicle. The officers eventually apprehended Phillips, executed a search warrant on his vehicle, and recovered several items from the backpack Phillips had.

Agent Nicole Rhoades, Palm Beach County Sheriff's Office Narcotics Division, testified that she conducted the search of Phillips's vehicle and found narcotics in it. On cross-examination, she stated that she found no fingerprint or DNA evidence on the narcotics that matched Phillips's print. The government introduced photographs of the narcotics found inside the vehicle that appeared to be in a black bag, which was admitted into evidence.

After the conclusion of the testimony and arguments from the parties, the district court summarized the facts as it found them and dismissed violations 2 and

4.  It found by a preponderance of the evidence that Phillips committed violations 1 and 3 because there was at least hearsay testimony about an actual trafficking event, and the amount of heroin found in the vehicle was sufficient for trafficking. As to violations 5 and 6, the district court found that Phillips's violent and erratic driving was extremely dangerous and one or both officers could have been seriously harmed.  As to violation 7, the district court found that Phillips resisted an officer with violence because he used the vehicle to extricate himself, and the district court found that because Phillips used the vehicle to back into the officers' vehicles to flee the scene, he committed violation 8.

During the sentencing portion of the hearing, the government argued that Phillips's advisory guideline range was 51 to 60 months' imprisonment and requested a sentence of 60 months because Phillips's conduct was extremely violent and posed grave danger to the officers and others in the area; Phillips's criminal history was significant; Phillips's reverted back to criminal conduct after his release from prison; and the drugs recovered from Phillips's vehicle were a lethal cocktail.  Phillips responded and requested a guideline range of 33 to 41 months' imprisonment based on several mitigating circumstances: (1) he was originally sentenced harshly; (2) there was minimal evidence about the alleged drug transaction that Deputy Haugh witnessed; and (3) his reaction when Sgt.

Segedin approached the vehicle with his weapon drawn was the result of fear for his life.

The district court revoked Phillips's supervised release, finding that his actions were dangerous and jeopardized the lives of both deputies. Based on the sentencing guidelines, all the violations committed by Phillips constituted Grade A violations. *See* U.S.S.G. § 7B1.1(a)(1). With a criminal history category of VI, Phillips's guideline imprisonment range was 51 to 60 months' imprisonment; however, the maximum term of imprisonment that can be imposed upon a revocation of supervised release for Grade A violations is five years. *See* 18 U.S.C. § 3583(e). Therefore, the district court sentenced Phillips to 60 months' imprisonment with no supervised release. Phillips objected to the sentence based on his prior arguments and later perfected the current appeal.

## II.

We ordinarily review the reasonableness of the district court's sentence upon revocation of supervised release for an abuse of discretion. *United States v. Trailer*, 827 F.3d 933, 935–36 (11th Cir. 2016) (*per curiam*). "A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*)

6

(quoting *United States v. Campa*, 459 F.3d 1121, 1174 (11th Cir. 2006) (*en banc*)). The defendant has the burden of demonstrating that the court abused its discretion in imposing a particular sentence upon revocation of supervised release. *See Trailer*, 827 F.3d at 936.

However, when the defendant does not object at the time of sentencing to the procedural reasonableness of his sentence upon revocation of supervised release, we review his procedural reasonableness argument for plain error only. *See United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014). To prevail under plain error review, the party must show: (1) there was an error; (2) that was plain or obvious; (3) that affected the defendant's substantial rights in that it was prejudicial and not harmless, and (4) that seriously affected the fairness, integrity, or public reputation of the judicial proceedings. *United States v. Johnson*, 694 F.3d 1192, 1195 (11th Cir. 2012).

In reviewing the reasonableness of a sentence imposed, we must ensure that the district court committed no significant procedural error, meaning it properly calculated the guideline range, treated the Sentencing Guidelines as advisory, considered the 18 U.S.C. § 3553(a) factors, did not select a sentence based on clearly erroneous facts, and adequately explained the chosen sentence. *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). Consideration of an improper factor can also render a sentence procedurally unreasonable.

*Vandergrift*, 754 F.3d at 1308.  A sentencing court need not discuss each § 3553(a) factor or even explicitly state that these factors were considered if the record clearly implies that the sentencing court took them into account.  *United States v. Johnson*, 877 F.3d 993, 998 (11th Cir. 2017).  Indeed, it is sufficient if the record shows that the court considered the § 3553(a) factors through its conduct.  *See United States v. Dorman*, 488 F.3d 936, 944 (11th Cir. 2007).

When a defendant violates a condition of supervised release, the district court may impose a sentence of imprisonment if it "finds by a preponderance of the evidence that the defendant violated a condition of supervised release."  18 U.S.C. § 3583(e)(3).  A preponderance of the evidence simply requires the factfinder "to believe that the existence of a fact is more probable than its nonexistence."  *United States v. Trainor*, 376 F.3d 1325, 1331 (11th Cir. 2004) (quotation marks omitted).  Moreover, the Federal Rules of Evidence do not apply in revocation of supervised release proceedings.  *United States v. Frazier*, 26 F.3d 110, 114 (11th Cir. 1994).

## III.

Based on our review of the record, we conclude that the district court did not abuse its discretion in sentencing Phillips.  First, his sentence was procedurally reasonable because a preponderance of the evidence established that he violated

8

the mandatory conditions of his supervised release, and the district court considered the applicable guideline range and explained the chosen sentence.

We further conclude that his sentence was substantively reasonable as well. To determine Phillips's sentence following the revocation of supervised release, the district court had to consider the factors in § 3553(a) and calculate an advisory sentencing range under Chapter 7 of the Sentencing Guidelines, which consists of policy statements regarding violations of supervised release. U.S.S.G. §§ 7B1.3, 7B1.4. The weight given to any § 3553(a) factor in determining the defendant's sentence following revocation of supervised release is committed to the sound discretion of the district court. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007). However, a court must revoke supervision when the defendant possesses a controlled substance, possesses a firearm, or refuses to comply with drug testing. 18 U.S.C. § 3583(g).

We will only remand for a resentencing if we definitively and firmly conclude that the district court committed a clear error of judgment and reached a sentence lying outside the range of reasonable sentences based on the facts of the case. *United States v. Shaw*, 560 F.3d 1230, 1238 (11th Cir. 2009). The district court is permitted to attach "great weight" to one of the § 3553(a) factors over others. *Id.* at 1237. A district court's unjustified reliance upon any one of these factors may indicate an unreasonable sentence. *United States v. Crisp*, 454 F.3d

9

1285, 1291–92 (11th Cir. 2006).  While we do not automatically presume a sentence within the guideline range is reasonable, we ordinarily expect such a sentence to be reasonable.  *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008).

One of the policy statements in Chapter 7 of the Sentencing Guidelines governing violation of supervised release provides recommended imprisonment ranges upon revocation depending upon the grade of the violation.  *See* U.S.S.G. § 7B1.4(a); *United States v. White*, 416 F.3d 1313, 1318 (11th Cir. 2005) (*per curiam*).  The grades of supervised release violations range from Grade A to C based on the severity of the violation, as defined in U.S.S.G. § 7B1.1(a).  Under § 7B1.1, a defendant commits a Grade A supervised release violation if he engages in conduct constituting a federal, state, or local offense punishable by a term of imprisonment exceeding one year that is a crime of violence or a controlled substance offense.  U.S.S.G. § 7B1.1(a)(1).  A defendant commits a Grade B violation if he engages in conduct constituting any other federal, state, or local offense punishable by a term of imprisonment exceeding one year.  *Id.* § 7B1.1(a)(2).

Based upon our review of the record, we conclude that Phillips's sentence was procedurally and substantively reasonable.  The district court did not abuse its discretion in weighing the appropriate factors under 18 U.S.C. §§ 3583(e) and

3553(a).  Phillips has failed to demonstrate that the district court acted unreasonably by sentencing him to the statutory maximum of 60 months' imprisonment upon the revocation of his supervised release, especially given the serious nature of the offense conduct and Phillips's extensive criminal history. Accordingly, based on the aforementioned reasons, we affirm the district court's revocation of Phillips's supervised release and attendant sentence of 60 months' imprisonment.

**AFFIRMED**.